In the matter of the Probate of the Will of REBECCA ANNIE HAY-
GOOD.

### Probate—Nuncupative Wills.

1. A nuncupative will which has been reduced to writing within ten
days after it was made, may be proved for probate either before
or after the lapse of six months after the making thereof ; but if
not put in writing within the ten days, then it cannot be proved
after the expiration of the six months.

2. After the contents of the will are established within the time and in
the manner prescribed by the statute—*The Code*, § 2148—it can-
not be admitted to probate until the citation or publication has
been made according to the statute, but it is not essential that this
citation or publication and the probate based thereon shall be com-
pleted within six months from the making of the alleged will.

This is an APPEAL from an order of *Gilmer*, *J.*, made at
August Term, 1888, of the Superior Court of MECKLENBURG
County, in the matter of the will of Rebecca Annie Haygood.

The following is the case settled on appeal for this Court:

"This was a petition for probate of a nuncupative will before
the Clerk of the Superior Court of Mecklenburg County.

Rebecca Annie Haygood died at her residence in Mecklen-
burg County, N. C., on the 25th day of September, 1887,
having, on the day before her death, as alleged by petition-
ers, made a nuncupative will, in which the petitioners were
named as legatees.

There was no executor named in the will.

On the day of the filing of the petition for the probate of
the will, to-wit: on the 23d day of March, 1888, the Clerk,
in conformity with the prayer of petitioners, caused the wit-
nesses to said will to be brought before him, and said wit-
nesses then and there reduced the will to writing, and made
before him the affidavits which appear in the record."

All the other material facts appear in the following order,
made by his Honor Judge Gilmer, at the August Term, 1888,
of the Superior Court of Mecklenburg County:

"This cause coming on to be heard upon the appeal by the propounders from the order of the Clerk of the Superior Court refusing to allow the propounders to introduce testimony tending to establish and prove the said will, the Court finds the facts to be as follows:

That the said will was made on the 24th day of September, 1887; that said will was reduced to writing on the 23d day of March, 1888; that on the 23d day of March, 1888, a petition was filed in due form of law for the probate of said will before the Clerk of the Superior Court by the propounders; that on said day and at the time of the filing of the application for the probate of the will, an order was made by the Clerk citing the next of kin of the testatrix to appear to contest said will, should they think proper, as required by law, which citation was duly published for six successive weeks in the 'Charlotte Democrat,' a newspaper published in the city of Charlotte; that at the expiration of the said publication of the citation, the propounders appeared in Court and offered testimony tending to establish and prove the said will; whereupon, certain of the next of kin appeared before the Clerk and objected to the introduction of testimony to establish the said will, upon the ground that the said alleged will was not put in writing within ten days from the making thereof; and, further, that the order of publication made in the cause within six months from the making of said will, calling in the next of kin of the testatrix to contest said will, if they saw proper, did not expire within six months from the making of said will, which objection was sustained by the Clerk, who, thereupon, refused to allow the propounders to introduce testimony offered for the purpose aforesaid; and the matter having been debated in open Court by counsel for the respective parties, it is thereupon ordered, adjudged and decreed by the Court that the said will was offered for probate within the time required by law, and the case is hereby remanded to the Clerk of the Supe-

rior Court to the end that the said will may be admitted to probate and that further proceedings may be had thereon according to law."

From this order the parties interested in opposition to the will proposed for probate, having excepted, appealed.

*Mr. C. W. Tillett* (*Messrs. Clarkson & Wilson* filed a brief), for the propounders.

*Mr. Clement Dowd, contra.*

MERRIMON, J. (after stating the case.) The statute (*The Code*, § 2148) prescribes how wills shall be admitted to probate, and as to *nuncupative* wills it provides, among other things, as follows: "No nuncupative will shall be proved by the witnesses after six months from the making thereof, unless it was put in writing within ten days from such making, nor shall it be proved till citation has been first issued or publication been made for six weeks in some newspaper published in the State to call in the widow and next of kin to contest such will, if they think proper." It seems to us that a just interpretation of this provision is, that if such will shall be put in writing within ten days next after it was made, it may be proved by the witnesses thereof either before or after the lapse of six months next after the making thereof, because the will being in writing with the sanction of the witnesses, their recollection as to what it was is helped and strengthened thereby, and they could the better be trusted to testify as to the making of the same, and what it was in its detail, at any time within a reasonable period. The putting of the will in writing is intended to serve such purpose. But if it is not so put in writing, it shall not be proved by *the witnesses* after the lapse of that time; that is, the proof of the witnesses must be taken within that period—their recollection, unaided by such writing, shall not be trusted for a

longer period than six months—they shall cease to be witnesses, certainly to make the first proof, if not examined within that time.

The will, as proved *by the witnesses*, shall not be deemed *proved and admitted to probate* "till a citation has first been issued or publication made for six weeks in some newspaper published in the State to call in the widow and next of kin to contest such will, if they think proper." It will be observed that it is not required that the will shall not be *proved by the witnesses* until the citation and notice provided for shall be made, but it shall not be *proved*—that is, proved in the sense of admitting it to probate at once—until citation shall be made, the purpose being to give the widow and next of kin opportunity to contest the will—the proof thereof by the witnesses thereof—if they shall see fit to do so. If this view is not correct, and if the witnesses of the will cannot be examined until after the citation shall be made, then it might turn out that the will could not be proven, although the propounder had taken steps long before the lapse of six months to prove it, because the citation could not be properly made, and thus the purpose of the statute would, in a measure, be defeated.

Indeed, in case of a *caveat* of the will the proof thereof by the witnesses might—would almost necessarily—in the course of the litigation, be delayed greatly longer than six months. It is not contemplated by the statute that the proof of the will by the witnesses thereof shall be contested at the time of taking the proof—in the first instance; this is to be done by a *caveat* and proper contest of it. This is the ordinary course pursued in contesting wills. Hence the statute (*The Code*, § 2149) requires that "every Clerk of the Superior Court (the probate officer) shall take in writing the proofs and examination of the witnesses touching the execution of a will, and he shall embody the substance of

such proofs and examination, in case the will is admitted to probate, in his certificate of the probate thereof, which certificate must be recorded with the will. The proofs and examinations, as taken, must be filed in the office." *Etheridge* v. *Corprew*, 3 Jones, 14.

The proceeding in the matter of the probate of a will is summary and *in rem*, and at first it is ordinarily *ex parte*, and the contest of it is begun by a *caveat*. (*The Code*, § 2158.) The purpose of the statute is not to prevent the examination of the witnesses of the will, after such lapse of six months, on the trial of the issue *devisavit vel non* in the course of a contest of it, but, as we have said, it is to require that *they* shall not be allowed to *prove it* in the first instance—when it is first presented for probate—after that time, unless it shall have been put in writing within ten days next after the making thereof.

In this case the alleged will was put in writing, presented to the Clerk of the Superior Court for probate, and it was *proved by the witness thereof* before him—that is, he took " in writing the proofs and examination of the witnesses" in respect to the making of it, and made the order of citation—publication of notice—but he did not allow the will, as proved, admitted to probate, and ought not to have done so until the proper notice had been given. It was given, and thereupon the appellees objected that the witnesses had not proved the will within six months, as required by the statute, and moved that the proceeding be dismissed.

The Clerk, improperly, so ordered. On appeal the Court below properly overruled the order of the Clerk, and directed that he proceed according to law in the matter of the probate. In this there is no error. The order appealed from must be affirmed, and the same carried into effect.

Affirmed.