## In re Will of I. M. L. BROCK, Deceased.

(Filed 24 November, 1948.)

**1. Wills § 17—**

A caveat proceeding is not a civil action but a special proceeding *in rem* for the determination of the single question of *devisavit vel non.*

**2. Wills § 18c—**

Parties to whom citations must issue in a caveat proceeding are only those who are entitled under the will or interested in the estate, G.S. 31-32, G.S. 31-33, and who are parties interested in the estate must be determined in view of the nature of the proceeding as one *in rem.*

**3. Wills § 17—**

The distinction between a caveat proceeding and other controversies or adversary civil actions is one of substance as well as of form.

**4. Wills § 18c—**

Persons to whom citations must issue in a caveat proceeding are not cited as parties, but merely as interested persons to view proceedings and participate if they elect to do so. G.S. 31-33.

**5. Same—**

In a caveat proceeding, neither the grantees in deeds executed by testator prior to his death nor the persons to whom such grantees have conveyed the property, either before or after testator's death, nor the heirs at law of deceased grantees are necessary parties to the determination of the issue

of *devisavit vel non* when such persons are not beneficiaries under the will nor heirs of testator, and therefore, even if it be conceded they are proper parties, the trial judge, in the exercise of his discretion, is under no legal obligation to order citations to bring them in.

**6. Same—**

Where the executrix has fully administered the estate and filed her final account prior to the filing of a caveat, and has died pending the caveat proceeding, it is not necessary that the court appoint a personal representative for the deceased executrix nor an administrator *d. b. n.* for the estate of the testator.

CAVEATOR's appeal from *Burney, J.,* May Term, 1948, ONSLOW Superior Court.

The appeal is concerned with the contest of the purported will of I. M. L. Brock, deceased, and the order of Judge Burney refusing to make additional parties at the instance of contestants after caveat had been some time filed, and the cause came on for a hearing and continuance for the caveators had been denied.

The death of Brock occurred the 19th day of November, 1941, and on the 28th day of November following, the executrix named in the will offered it before the Clerk of the Superior Court, where it was probated in common form. About November 26, 1945, caveat to the will was filed by R. C. Brock and John R. Brock, sons of the testator, and beneficiaries under the will. Citation was issued by the Clerk under the statute, G.S. 31-33, to all the beneficiaries under the will and heirs at law of the testator. The cause came on for a hearing at May Term, 1948, and the caveators filed a motion, verified as to the facts contained in it, presenting the names of other persons alleged to be interested in the proceeding and "necessary to the final determination of the controversy," and moved that citations should be issued bringing them into court.

The motion was in writing and sets up the alleged facts upon which it is based:

"MOTION: Now COME J. R. Brock and R. C. Brock, caveators in the above captioned proceeding, and respectfully showeth to the Court the following facts:

"1. That the above captioned proceeding was instituted in the Superior Court of Onslow County for the purpose of caveating the paper writing propounded as the last will and testament and codicil of I. M. L. Brock, deceased, said proceeding having been instituted on the 26th day of November, 1945.

"2. That Emma Ruth Brock, widow of I. M. L. Brock, deceased, and who qualified as executrix of the estate of I. M. L. Brock, deceased, was made a party to the above captioned proceeding.

"3. That the said Emma Ruth Brock is a devisee under the terms and provisions of the paper writing propounded as the last will and testament, and codicil thereto, of I. M. L. Brock, deceased.

"4. That, pending the trial and final determination of the above captioned proceeding, and on the........ day of .............., 1946, Emma Ruth Brock died while a resident of Onslow County, North Carolina. leaving her surviving as her sole heirs at law and next of kin the following children, to wit, Olivia Brock Kennington, Benjamin W. Brock and Isaac (Ikie) Brock.

"5. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 419, a paper writing bearing date July 12, 1941, purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying lands therein described.

"6. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 420, a paper writing bearing date July 12, 1941, purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying lands therein described.

"7. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 421, a paper writing bearing date July 12, 1941, and purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying 36 acres of land, more or less.

"8. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 422, a paper writing bearing date July 12, 1941, and purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying two tracts of land therein described, one containing 100 acres, more or less, and the other containing 8 acres, more or less.

"9. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 423, a paper writing bearing date July 12, 1941, purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying a portion of two tracts of land, each containing 100 acres, more or less.

"10. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 424, a paper writing bearing date July 12, 1941, purporting to be a deed from I. M. L. Brock to Isaac (Ikie) Brock and Emma Ruth Brock, conveying one acre of land, more or less.

"11. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, page 425, a paper writing bearing date July 12, 1941, purporting to be a deed from I. M. L. Brock and Emma Ruth Brock to Isaac (Ikie) Brock, conveying 70 acres of land, more or less.

"12. That there appears of record in the office of the Register of Deeds of Onslow County in Book 190, at page 426, a paper writing bearing date July 12, 1941, and purporting to be a deed from I. M. L. Brock to Emma Ruth Brock, conveying Lots 6, 7, 8, 9 and 10 of subdivision of farm lands containing 78.92 acres, more or less.

"13. That there appears of record in the office of the Register of Deeds of Onslow County instruments purported to have been executed by Emma Ruth Brock to Benjamin Wadsworth Brock, affecting the title to the real estate of which I. M. L. Brock died seized and possessed, as follows:

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in the office of the Register of Deeds in Book 192, page 593, conveying 36 acres, more or less;

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in the office of the Register of Deeds in Book 192, page 594, conveying one acre, more or less;

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in the office of the Register of Deeds in Book 192, page 595, conveying 110-acre tract and a one-acre tract, more or less;

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in Book 192, page 596, conveying Lots Nos. 6, 7, 8, 9 and 10 of subdivision of farm lots containing 78.92 acres, more or less;

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in Book 192, page 597, conveying 12 acres, more or less;

"Emma Ruth Brock to Benjamin Wadsworth Brock, recorded in Book 192, at page 598, conveying lands on the Quaker Bridge Road.

"14. That, as the movants are advised, believe and so allege, no person has qualified as administrator of the estate of Emma Ruth Brock, deceased, or applied for letters of administration of the said estate.

"15. That the paper writing propounded as the last will and testament, and codicil thereto, of I. M. L. Brock, deceased, purports to dispose of the real and personal properties of which he died seized and possessed.

"16. That, as the movants are advised, believe and so allege, Benjamin W. Brock is lawfully married to Carrie Mae Brock, and that Olivia Brock is married to Joseph P. Kennington and her legal name is now Olivia Brock Kennington.

"17. That any verdict, decree or judgment entered in the above captioned proceeding affects the title to the properties described in each of the instruments hereinbefore referred to as appearing of record in the office of the Register of Deeds for Onslow County, being the properties of which I. M. L. Brock died seized and possessed,

specifically affecting the interest of Benjamin W. Brock and wife, Carrie Mae Brock; Olivia Brock Kennington and husband, Joseph P. Kennington, in the said properties and the said movants are advised, believe and so allege that Benjamin W. Brock and wife, Carrie Mae Brock, Olivia Brock Kennington and husband, Joseph P. Kennington, are proper and necessary parties to the above captioned proceeding, to the end that such verdict, orders and decrees entered in said proceeding and in the final determination of the same, may be binding upon the said parties as muniments of title relating to the lands and properties of which I. M. L. Brock died seized and possessed, title to which is claimed by them and/or either of them as devisees under the paper writing propounded as the last will and testament of I. M. L. Brock, deceased, and the codicil thereto, claimed by them and/or either of them as grantees under any one or all of the paper writings hereinbefore referred to and alleged as appearing of record in the office of the Register of Deeds of Onslow County, purporting to convey the lands of which I. M. L. Brock died seized and possessed and/or as heirs at law of the said Emma Ruth Brock, deceased.

"18. That it is necessary, in order that all matters pertaining to the title to the properties of which I. M. L. Brock died seized and possessed may be finally determined in the above captioned proceeding, that a personal representative of the estate of Emma Ruth Brock, deceased, be duly appointed by the Clerk of the Superior Court of Onslow County and duly made a party to the above captioned proceeding as provided by statute relating to such matters.

"WHEREFORE, the movants pray that an order be entered in the above captioned proceeding as follows:

"(1) Directing that the Clerk of the Superior Court of Onslow County forthwith appoint some competent and discreet person to act as the personal representative of the estate of Emma Ruth Brock, deceased, to the end that such personal representative as is appointed and qualified may be made a party to the above captioned proceeding and citation issued therefor in the manner prescribed by law.

"(2) That Benjamin W. Brock and wife, Carrie Mae Brock, and Olivia Brock Kennington and husband, Joseph P. Kennington, be made parties to the above captioned proceeding and that citations issue to them from the office of the Clerk of the Superior Court of Onslow County in the above captioned proceeding as provided by law.

"(3) For such other and further relief as the movants may show themselves entitled to upon the whole cause."

---

---

Where necessary to an understanding of the discussion and decision, specific reference to pertinent items of the will will be made in the opinion.

The motion was declined and the caveators appealed.

*Warlick & Ellis and J. A. Jones for caveators, appellants.*

*Bailey & Holding, John D. Larkins, William F. Ward, R. A. Nunn, and E. W. Summersill for appellees.*

SEAWELL, J.   In this jurisdiction the right to contest a will by caveat is given by statute; and the procedure to be followed is outlined in the statute conferring the right, G.S. 31-32, 31-33, *et seq.*   It is not a civil action, as classified in the Code of Civil Procedure, but a special proceeding *in rem* leading to the establishment of the will as a testamentary act under the issue *devisavit vel non.   In re Haygood's Will,* 101 N. C. 574, 578, 8 S. E. 222; *In re Will of Westfeldt,* 188 N. C. 702, 125 S. E. 521; *Bailey v. McLain,* 215 N. C. 150, 1 S. E. (2) 372; *S. v. McGlynn,* 20 Cal. 233; *Ex parte Re Elliott,* 22 Wash. (2) 334, 156 P. (2) 427; 157 A. L. R. 1335, anno. 57 A. L. R. 262, 57 A. M. Jur. 757.   Often this issue is subdivided, according to the angle or nature of the attack, into ancillary issues, the most common of which are those relating to undue influence and testamentary capacity; but every caveat to a will leads to the simple inquiry we have mentioned, *devisavit vel non,* and the rules of procedure are framed with reference to that feature.

Under G.S. 31-32, *supra,* the right conferred and the time in which it may be exercised, is expressed as follows:

> "31-32.   When and By whom Caveat filed.—At the time of application for probate of any will, and to the probate thereof in common form, or at any time within seven years thereafter, any person entitled under such will or interested in the estate may appeal in person or by attorney to the Clerk of the Superior Court and enter a caveat to the probate of such will, etc."

It will thus appear caveat to a will may be filed only by persons *"entitled under such will or interested in the estate."*   And section 31-33, directing the issue of citations, "to all devisees, legatees, or other parties in interest," does not enlarge the definition of *interest* given in the preceding section.

It is to be noted that the persons so interested are not cited as parties to the proceeding but merely as interested persons to view proceedings and participate if they elect to do so, although no doubt the court, when properly and timely advised, would cause citation to issue to anyone

designated by statute as interested but who has been omitted. See *Mills v. Mills,* 195 N. C. 595, 143 S. E. 130.

In this proceeding the Clerk of the Superior Court issued citation to all the heirs of I. M. L. Brock, the testator, and all the beneficiaries under the will. The question raised is whether Benjamin W. Brock (who was neither heir nor devisee of the testator but holds certain deeds from I. M. L. Brock and other deeds from Emma Ruth Brock, devisee), and Carrie Mae Brock (an heir at law of Mrs. Emma Ruth who died pending the proceeding), have such interest as to make it obligatory on the part of the court to order citation to issue to them as "necessary parties" to the final determination of the proceeding. These two are the persons whom the caveators seek to have made "parties." Neither of them, as will presently appear, have an interest in contesting the will.

Here we must interpose some discussion of rules of procedure peculiar to the subject under review,—the probate of the will in solemn form.

The rules peculiar to this procedure arise, as we have said, from the legally accepted theory that the proceeding is *in rem*—perhaps more strictly so regarded than any other proceeding with which the courts deal. This concept has given rise not only to exclusive designations or nomenclatures given to persons concerned with the proceeding, but also terms which are peculiar to their relation to the investigation. In this respect the whole proceeding stands apart from ordinary civil actions. The *in rem* nature of the proceeding dominates the investigation, and in many important respects the parties litigant have little of the usual control over the course of trial on the issue. Once propounded for probate in solemn form the proceeding must go on until the issue *devisavit vel non* is appropriately answered; and no nonsuit can be taken by the propounders or by the caveators. *In re Will of Westfeldt, supra.*

It is the peculiar relation of the contesting parties to the proceeding which demands attention here. The fact is that they are not parties, or indeed cited as parties according to the rules pertaining to ordinary adversary actions arraying those interested as parties plaintiff and defendant, whatever the significance or necessity for the citation may have as a matter of notice. *Bailey v. McLain, supra.*

*Justice Holmes* said, "The life of the law has not been logic; it has been experience." This subject, set apart in the minds of men, lay, professional and curial, under the influence of a recognized solemnity, has had an insulated development, and it is not strange that there may be found at some points disagreement between rules so evolved and those applied in ordinary adversary actions.

The effort is made in appellants' brief to similarize this sort of special proceeding with the rules applied in ordinary controversies or adversary civil actions, and both statutes and precedents pertaining to the latter

are cited as controlling; and, indeed, we find in 57 Am. Jur., 760, 763, a suggestion that in those jurisdictions where the right to contest the will is given to any person interested, there is some approach to the procedural requirements in the latter class of controversy. If the differences between the proceedings were at all points in form, and never in substance, this view might prevail; but we are confronted with distinctions which go to the substance rather than the form. We feel sure that if there is any further *rapprochement,* in our jurisdiction, it must be at the hands of the Legislature, not the courts.

Perhaps, however, in the particular case a closer look at the status of the persons the caveators seek to have made parties will render the discussion less abstract.

The caveators base their motion upon the fact that there are on the records of Onslow County eight deeds by I. M. L. Brock to his wife, Emma Ruth Brock, conveying various parcels of land, executed July 12, 1941, some months before the will became effective through the death of the testator on November 19 of the same year; that Emma Ruth Brock, devisee under the will, at some date which does not appear from the record, executed six deeds to Benjamin W. Brock, conveying various parcels of land therein described. The caveators claim in their brief that Benjamin Brock has now in his possession at least 75 per cent of all the lands of which I. M. L. Brock died seized and possessed.

For the purposes of this appeal it appears from the record that the testator Brock in fact and law did not die seized and possessed of the lands conveyed to his wife by the eight deeds above mentioned, all made prior to his death.

There are three items in the will devising lands to Mrs. Emma Ruth Brock, the wife. There is no way apparent in the record by which the Court is able to correlate any of the conveyances mentioned with the three items of the will which convey real estate to Emma Ruth Brock, or to determine the ultimate source of title of Emma Ruth Brock's deeds to Benjamin Brock; and the Court will not make an assumption on such an important matter. Nor is it able in this case to act upon the suggested contingency that the Brock deeds to his wife may be invalid, or invalidated.

The interest which allegedly qualifies Olivia Brock Kennington as a necessary party upon the issue *devisavit vel non* is the supposed inheritance of title from her mother to such property as might be devised to her under the will. Olivia was not herself an heir of the testator, or a beneficiary of the will. If the will were set aside the estate of the testator would not be obligated to Mrs. Emma Ruth Brock, the mother, except as to widow's dower, her year's allowance, or child's share of the personalty, all of which obligations were canceled by her death. If it stands, Olivia

could only inherit that part of the devise to the mother which had not been stripped away either by the conveyances made by the testator before his death; or by the deeds of her mother to Benjamin Brock if the deeds were made subsequent to his death and could be related to the devise. It does not affirmatively appear to the Court that she has such an interest as the statute contemplates in order to make her citation necessary.

We do not ignore the fact that appellants have made certain general claims with regard to the relation of these persons to the estate of the testator; but they have also particularized the facts upon which such claim is based. Conceding, but not deciding, that these persons may be proper parties to the proceeding, they are not necessary parties; and the trial judge, in the exercise of his discretion, was under no legal obligation to order citations to bring them in.

In their motion below, the caveators asked that a personal representative be appointed for Emma Ruth Brock, the executrix and devisee under the will, who died pending the proceeding; and in this Court, without any amendment to the motion, suggested that an administrator *d. b. n.* should be appointed for the estate of I. M. L. Brock. In this request it seems to us that counsel is inadvertent to the nature of the proceeding. The record discloses that the executrix prior to the caveat of the will had fully administered the estate of the testator and filed her final account; and the personalty of Mrs. Emma Ruth Brock certainly has nothing to do with this proceeding. Any rights which the parties now have, or may have at the termination of this proceeding with respect to these subjects, must be determined in a separate proceeding.

For the reasons above stated, the judgment of the court below is
Affirmed.