HUGHIE CASSTEVENS, NELLIE WILES TALLEY, LOLA WILES BUELIN, WESLEY GENE WILES AND RUFUS LEE WILES, PLAINTIFFS-APPELLANTS v. NELLIE S. WAGONER AND HARVEY L. WAGONER, DEFENDANTS-APPELLEES

No. 8923SC1280

(Filed 3 July 1990)

## Wills § 13.1 (NCI3d) — caveat — jurisdiction

The trial court did not have subject matter jurisdiction over an action seeking to set aside a will and deed where the record is devoid of any indication that plaintiffs filed an appropriate caveat before the Clerk of Superior Court or that the cause was duly transferred to the superior court in compliance with N.C.G.S. § 31-32 and N.C.G.S. § 31-33. It is obvious that plaintiffs attempted to initiate these purported caveat proceedings directly in superior court as part of their attack on the validity of the deed, so that the trial court had no subject matter jurisdiction to determine the question of the will's validity. It is equally clear that any standing plaintiffs might have to challenge validity of the deed is predicated on their purported status as heirs of the decedent, but plaintiffs would take nothing under the terms of the will and consequently have no legal interest in the estate and no standing to challenge the validity of the deed.

**Am Jur 2d, Wills §§ 891 et seq.**

APPEAL by plaintiffs and defendants from judgment entered 20 July 1989 in YADKIN County Superior Court by *Judge Julius A. Rousseau, Jr.* Heard in the Court of Appeals 30 May 1990.

On 28 August 1987, plaintiffs filed their pleading denominated as "Complaint and Caveat," seeking to set aside the 1971 will and 1979 deed executed by decedent Frank Casstevens, died 5 April 1986, on grounds that he lacked the requisite mental capacity to duly execute these instruments or, alternatively, that these instruments were procured by undue influence. By the will, the decedent devised, either outright or by vested remainder, all of his personal and real property to defendant Nellie S. Wagoner. By the deed, the decedent conveyed to this same defendant in excess of 230 acres of realty situated in Yadkin County.

Defendants answered and interposed, *inter alia*, a motion to dismiss the complaint for failure to post the $200.00 prosecution bond required by G.S. § 31-33 and a motion to sever the caveat to the will from plaintiffs' claim seeking to set aside the deed. The trial court denied these motions, but ordered plaintiffs to post the $200.00 prosecution bond with the Clerk of the Superior Court of Yadkin County.

Following a trial on the issues, the jury answered the questions going to the will's validity for defendants and, pursuant to the trial court's instructions, did not reach the questions going to the deed's validity. Both plaintiffs and defendants then moved for an award of attorney's fees under G.S. § 6-21(2), which motions the trial court denied.

From the judgment entered upon the jury's verdict, denying the relief sought and denying the motion for an award of attorney's fees, plaintiffs appeal. From the same judgment denying their motion for an award of attorney's fees, defendants cross-appeal.

*Franklin Smith for plaintiff-appellants.*

*Shore, Hudspeth and Harding, by N. Lawrence Hudspeth, III, for defendant-appellees.*

WELLS, Judge.

A single issue, which we raise *ex mero motu*, is dispositive of this appeal, namely, whether the trial court had subject matter jurisdiction over this action. We determine that it did not, and we therefore vacate the judgment entered.

It is well established that a caveat is a proceeding *in rem* to attack the validity of a will. *In re Will of Brock*, 229 N.C. 482, 50 S.E.2d 555 (1948); *see also* Wiggins, *North Carolina Wills* (2d ed.), § 124. The right to contest a will by caveat is conferred by statute, is in derogation of the ancient common law right to dispose of property by will at death, and thus the statutory provisions setting forth the procedures to be followed in caveat proceedings must be strictly construed. *In re Will of Winborne*, 231 N.C. 463, 57 S.E.2d 795 (1950). "No caveat is properly constituted until the statutory requirements are met." *Id.* An attack upon a will offered for probate must be direct and by duly initiated caveat; a collateral attack on the will's validity is not permitted. *In re Will of Charles*, 263 N.C. 411, 139 S.E.2d 588 (1965). Absent

CASSTEVENS v. WAGONER

[99 N.C. App. 337 (1990)]

properly instituted caveat proceedings, the superior court has no jurisdiction to pass upon the validity of a will as an incident of its civil jurisdiction to determine questions concerning title to realty. *Brissie v. Craig*, 232 N.C. 701, 62 S.E.2d 330 (1950).

The procedures for perfecting jurisdiction in caveat proceedings are set forth at G.S. § 31-32, *et seq.; see also In re Will of Hester*, 84 N.C. App. 585, 353 S.E.2d 643, *rev'd on other grounds*, 320 N.C. 738, 360 S.E.2d 801 (1987). A caveat must be initiated by appropriate filing with the clerk of superior court. N.C. Gen. Stat. § 31-32. Upon the due posting of the statutory bond, "the clerk shall *transfer the cause* to the superior court for trial." *Id.* § 31-33 (emphasis added). Although it is often stated that, "[w]hen a caveat is filed the Superior Court acquires jurisdiction of the whole matter in controversy," *In re Will of Charles, supra* (and cases cited therein), such a pronouncement does not alter the affirmative statutory requirement that caveat proceedings can only be instituted by due filing of the cause before the clerk of superior court. *In re Will of Winborne, supra.* When a purported caveat is fatally defective from its inception, the superior court acquires no jurisdiction over the cause. *See Matter of Lamb's Will*, 303 N.C. 452, 279 S.E.2d 781 (1981).

The record is devoid of any indication that plaintiffs filed an appropriate caveat before the clerk of superior court or that the cause was duly transferred to the superior court in compliance with G.S. § 31-32 and G.S. § 31-33. Instead, it is obvious that plaintiffs attempted to initiate these purported caveat proceedings directly in the superior court as part of their attack on the validity of the 1979 deed. The trial court thus had no subject matter jurisdiction to determine the question of the will's validity. Moreover, it is equally clear that any standing these plaintiffs might have to challenge the validity of the 1979 deed is predicated on their purported status as heirs of the decedent, having a legally cognizable interest in the alleged intestate estate. *See Kelly v. Kelly*, 241 N.C. 146, 84 S.E.2d 809 (1954); *see also Holt v. Holt*, 232 N.C. 497, 61 S.E.2d 448 (1950). Under the terms of the 1971 will, however, plaintiffs would take nothing, and consequently they would have no legal interest in the decedent's estate and no standing to challenge the validity of the deed. *Id.* It is therefore inescapable that this action is in every respect an impermissible collateral attack on the validity of the 1971 will, incident to an attack on the validity of the 1979 deed. *Brissie v. Craig, supra.*

For the reasons stated, the judgment of the trial court must be vacated and this case remanded to the Yadkin County Superior Court for entry of an order dismissing plaintiffs' action.

Vacated and remanded.

Judges PARKER and DUNCAN concur.