JOE F. ROBINSON, JR., JEANNE ROBINSON, FRANCES HOLLAR, ANN R. RAGLAND, G. SAM ROWE, JR., AND H. TOM ROWE v. CHARLES R. POWELL, SR., INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF FRANCES R. MARTINE, DECEASED

No. 334PA97

(Filed 9 July 1998)

1. **Estates § 51 (NCI4th); Wills § 51 (NCI4th)— decedent's inter vivos transfers of property—alleged undue influence—not attack on codicil—jurisdiction of superior court**

   Plaintiff will beneficiaries' claims challenging on the ground of undue influence decedent's *inter vivos* transfers of stocks, bonds, bank accounts and other intangible investments to joint ownership with defendant with right of survivorship is not a collateral attack on a codicil that recognized the *inter vivos* transfers so as to deprive the superior court of jurisdiction, and the Court of Appeals erred by deciding that plaintiffs must file a caveat in order to attack the *inter vivos* transfers.

## 2. Duress, Coercion, and Undue Influence § 6 (NCI4th)— ratification—failure to plead

The issue of whether a codicil to decedent's will ratified her *inter vivos* transfers of intangible investments to joint ownership with defendant, her nephew, with right of survivorship was not before the court in plaintiffs' action to set aside the *inter vivos* transfers on the ground of undue influence where defendant failed to assert ratification as an affirmative defense in either his answer or his motion for summary judgment.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 125 N.C. App. 743, 483 S.E.2d 745 (1997), affirming an order granting defendant's motion for summary judgment entered by Beal, J., on 29 November 1995 in Superior Court, Catawba County. Heard in the Supreme Court 9 February 1998.

*Smith Helms Mulliss & Moore, L.L.P., by James G. Exum, Jr., and John J. Korzen; and Martin & Monroe Pannell, P.A., by Martin Pannell, for plaintiff-appellants.*

*James, McElroy & Diehl, P.A., by Bruce M. Simpson; and Corne, Corne & Grant, P.A., by Robert M. Grant, Jr., for defendant-appellee.*

PARKER, Justice.

Plaintiffs are six of the seven nephews and nieces of decedent Frances Robinson Martine; defendant Charles R. Powell, Sr. is the seventh. Mrs. Martine died on 18 November 1991, leaving a last will and testament ("will") and a first codicil to the last will and testament ("codicil") which disposed of her approximately $1.4 million probate estate. This action concerns certain stocks, bonds, bank accounts, and other intangible investments worth over one million dollars that defendant received outside probate pursuant to joint ownership with right of survivorship. The codicil executed by Mrs. Martine on 16 March 1984 provides as follows:

In consideration of the kindness, help and assistance given to me over the years in the management of my affairs and otherwise by Charles R. Powell, Sr., I have, from time to time, registered, listed and titled (or otherwise provided for evidence of ownership) certain stocks, bonds, securities, notes and other similar intangible personal property owned by me jointly in my name and

the name of Charles Robert Powell, Sr. with right of survivorship. It was and is my intent and I do hereby provide for and declare contractually that any such personal property standing in the joint names of myself and Charles Robert Powell, Sr., shall pass to the said Charles Robert Powell, Sr. under a Right of Survivorship if he survives me.

The codicil then provides that the property shall pass to defendant's spouse in the event defendant predeceases Mrs. Martine.

Plaintiffs allege, *inter alia*, that beginning in 1982 and continuing until Mrs. Martine's death in 1991, defendant had a confidential relationship with Mrs. Martine and through undue influence over her caused Mrs. Martine's solely owned stocks, bonds, bank accounts, and other intangible investments to be transferred to the joint ownership of Mrs. Martine and defendant with right of survivorship. Upon Mrs. Martine's death defendant took unencumbered ownership of the property by right of survivorship. The trial court found that no dispute as to any material fact existed and granted defendant's motion for summary judgment on all claims.

The Court of Appeals affirmed. The Court of Appeals reasoned thusly:

This codicil recognizes that Ms. Martine transferred certain intangible property to a joint tenancy with defendant and the codicil ratifies those transfers as consistent with Ms. Martine's intent and as in consideration for defendant's efforts in assisting her over the years. By challenging the transfers underlying this language in the codicil, plaintiffs in effect challenge the language of the codicil itself. At the very least, plaintiffs would have to attack the codicil to prove that the codicil was not an effective ratification of the questioned transfers to defendant. Accordingly, we conclude that plaintiffs must properly challenge the codicil here in order to challenge the transfers identified therein. *Casstevens v. Wagoner*, 99 N.C. App. 337, 338-39, 392 S.E.2d 776, 778 (1990).

It is well-settled that an attack upon a will or codicil must be by duly initiated caveat. *Id.* Collateral attacks alone, such as plaintiffs have attempted here, are not permitted. *Id.* . . .

. . . .

We conclude that, absent a duly filed caveat, the trial court here is without jurisdiction to determine the merits of plaintiffs' claim.

**ROBINSON v. POWELL**

[348 N.C. 562 (1998)]

*Robinson v. Powell*, 125 N.C. App. 743, 483 S.E.2d 745 (1997) (unpublished). For the reasons stated herein, we reverse.

**[1]** The sole issue before this Court is whether the Court of Appeals erred in holding that the trial court lacked jurisdiction over plaintiffs' claims challenging the *inter vivos* transfers of decedent's property. Plaintiffs argue that the Court of Appeals' reliance on *Casstevens v. Wagoner*, 99 N.C. App. 337, 392 S.E.2d 776 (1990), was misplaced. In *Casstevens* the plaintiffs filed a pleading denominated a "Complaint and Caveat." This pleading sought to set aside (i) the decedent's will executed in 1971 which devised all the decedent's real and personal property to Nellie Wagoner and (ii) a deed executed by the decedent in 1979 conveying 230 acres of realty to Nellie Wagoner. Under the will the plaintiffs had no legal interest in the decedent's estate and could not benefit from recision of the deed unless the will was set aside. Hence the action was an impermissible collateral attack on the decedent's will. *Id.* at 339, 392 S.E.2d at 778.

By contrast plaintiffs in the instant case are beneficiaries under decedent's will and have alleged in their complaint that "[i]n accordance with the terms of the will of Mrs. Martine the property . . . would become part of the residue of her estate were it turned over to her estate [de]void of any language or claim that the same was jointly held property of Mrs. Martine and the Defendant. As a consequence of the failure of the Defendant to turn over jointly held property to the estate, Plaintiffs and other residuary legatees are being deprived of a portion of their legacy." Plaintiffs, unlike the plaintiffs in *Casstevens*, are not challenging the validity of the will and codicil but rather are contending that but for the *inter vivos* transfers, allegedly obtained by undue influence, decedent would have been the sole owner of the property at her death and that the property would have been distributed as part of decedent's residual estate under her will.

Based on these allegations, *Casstevens* is not dispositive of this action. Although the codicil refers to the *inter vivos* transfers, plaintiffs' action challenging the *inter vivos* transfers is not a collateral attack on the codicil which deprives the superior court of jurisdiction. Further, we do not agree with the Court of Appeals' opinion that the language in the prayer for relief asking that "all terms and provisions providing for, or relating in any way to, joint ownership of property by Frances R. Martine and Charles R. Powell, Sr. be declared null and void" constitutes an attack on the codicil. The three subdivisions which follow this language in the prayer for relief clarify that plain-

tiffs are referring to ownership of the property, not to language in the codicil.

**[2]** In reaching its conclusion that plaintiffs must file a caveat to challenge the *inter vivos* transfers, the Court of Appeals also concluded that the codicil ratified the transfers and that "at the very least plaintiffs would have to attack the codicil to prove that the codicil was not an effective ratification of the questioned transfers to defendant." Defendant, however, did not raise ratification as a defense in this action and is procedurally barred from doing so.

Pursuant to the North Carolina Rules of Civil Procedure, a party shall affirmatively set forth any matter constituting an avoidance or affirmative defense. N.C.G.S. § 1A-1, Rule 8(c) (1990). Ratification is an affirmative defense which must be affirmatively pled. *See Hassett v. Dixie Furniture Co.*, 333 N.C. 307, 312, 425 S.E.2d 683, 685 (1993) ("[D]efendant also requested that the jury be instructed on the affirmative defenses of accord and satisfaction, compromise and settlement, estoppel, waiver and ratification."); *see also Pittman v. Barker*, 117 N.C. App. 580, 590-91, 452 S.E.2d 326, 332 (Plaintiff "asserted the affirmative defenses of the statute of limitations, estoppel, laches, ratification and waiver."), *disc. rev. denied*, 340 N.C. 261, 456 S.E.2d 833 (1995); *Moore v. Moore*, 108 N.C. App. 656, 657, 424 S.E.2d 673, 674 (Defendant "raised affirmative defenses of estoppel, waiver, and ratification."), *aff'd per curiam*, 334 N.C. 684, 485 S.E.2d 71 (1993). Failure to raise an affirmative defense in the pleadings generally results in a waiver thereof. *See Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 598, 394 S.E.2d 643, 649 (1990), *disc. rev. denied*, 328 N.C. 89, 402 S.E.2d 824 (1991).

Under certain circumstances this Court has permitted affirmative defenses to be raised for the first time by a motion for summary judgment. In *Dickens v. Puryear*, 302 N.C. 437, 441, 276 S.E.2d 325, 328 (1981), this Court recognized the apparent tension between Rules of Civil Procedure 8(c) and 56. The defendant in *Dickens*, without filing an answer and prior to the time an answer was due, moved for summary judgment and in support of the motion raised the affirmative defense of the statute of limitations. *Id.* at 440, 276 S.E.2d at 328. This Court held that the defendant may properly raise the affirmative defense in this manner. *Id.* at 442, 276 S.E.2d at 329. This Court further stated that

if an affirmative defense required to be raised by a responsive pleading is sought to be raised for the first time in a motion for

**ROBINSON v. POWELL**

[348 N.C. 562 (1998)]

summary judgment, the motion must ordinarily refer expressly to the affirmative defense relied upon. Only in exceptional circumstances where the party opposing the motion has not been surprised and has had full opportunity to argue and present evidence will movant's failure expressly to refer to the affirmative defense not be a bar to its consideration on summary judgment.

*Id.* at 443, 276 S.E.2d at 329; *see also Miller v. Talton,* 112 N.C. App. 484, 487, 435 S.E.2d 793, 796 (1993) (holding that in the absence of an express reference to the affirmative defense in the motion for summary judgment, the trial court may still grant the motion on that ground if the affirmative defense was clearly before the court). Defendant not having pled the affirmative defense of ratification in either his answer or his motion for summary judgment, the issue of ratification was not before the trial court. In fact, the Court of Appeals *sua sponte* raised the issue on appeal. Defendant's failure to assert ratification as an affirmative defense bars that issue being raised by him, or by the Court of Appeals, on appeal.

Finally, for clarification we note that the question whether defendant would be entitled to take all or any part of the property which is the subject of the *inter vivos* transfers by purchase under decedent's codicil if plaintiffs are successful in setting aside the *inter vivos* transfers is not before this Court, and this opinion is not intended in any way to pass on that issue.

In conclusion we hold that plaintiffs were not required to file a caveat to the codicil to maintain their action against defendant. Therefore, the trial court was well within its jurisdiction to determine the merits of plaintiffs' claim of undue influence over the *inter vivos* transfers by Mrs. Martine.

For the foregoing reasons we reverse the Court of Appeals' opinion and remand the case to that court for consideration on the merits of the remaining issues raised in the parties' briefs previously filed in that court.

REVERSED AND REMANDED.