IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-668

Filed: 21 January 2020

Franklin County, No. 18 SP 185

LOUISE LAWRENCE, Petitioner,

v.

CHARLES LAWRENCE, Respondent.

Appeal by respondent from order entered 24 May 2019 by Judge Josephine Kerr Davis in Franklin County Superior Court. Heard in the Court of Appeals 8 January 2020.

> *McFarlane Law Office, P.A., by Steven H. McFarlane, for petitioner-appellee.*
>
> *Tickle Law Office, PLLC, by Lawrence Edward Tickle, Jr., for respondent-appellant.*

TYSON, Judge.

Charles Lawrence ("Respondent") appeals from an order entered 24 May 2019 granting Louise Lawrence's ("Petitioner") motion for summary judgment and denying his motion to dismiss and motion for summary judgment. We affirm the trial court's judgment.

## I. Background

Petitioner and Charles D. Lawrence ("Lawrence") were married in Beacon, New York on 20 December 2000. Their union produced three children: Lawanna,

Kalonji, and Respondent. Lawrence was found dead on 12 May 2006. Lawrence died intestate. The death certificate identified Lawrence as "married" and listed Petitioner as his surviving spouse.

Lawrence owned real property ("the Property") located in Franklin County. Following his death, Lawanna and Kalonji Lawrence conveyed their respective interests in the Property to Petitioner via quitclaim deed on 21 January 2008. Other than the mortgagee, Petitioner and Respondent are the only individuals with an ownership interest in the Property.

Petitioner initially filed a petition to partition the Property on 15 August 2018. Respondent did not answer or appear before the clerk of superior court. The clerk entered the order to sell for partition and notice of sale of real property on 5 September 2018. The property was offered for public sale on 26 September 2018, and the highest bid was $20,000. An upset bid for $30,000 was entered on 27 September 2018.

Respondent filed a motion to set aside the order to sell on 28 September 2018, alleging errors in listing the interests of the parties. The parties agreed to a consent order, which vacated the order to sell and was filed on 4 October 2018.

Petitioner filed an amended petition to sell for partition against Respondent on 28 November 2018. Petitioner sought not only partition by sale but also

reimbursement of expenses from Respondent for her paying the *ad valorem* property taxes and making mortgage payments on the Property.

The court ultimately approved and confirmed a final upset bid of $75,477.15 for the Property on 4 April 2019. Petitioner moved for summary judgment on the issues of ownership interests and reimbursement. Respondent moved for summary judgment on these same issues on 22 April 2019.

The trial court ruled in favor of Petitioner, as communicated to the parties via email on 15 May 2019, and requested her counsel draft a proposed order to that effect. Petitioner's counsel sent a proposed order to Respondent's counsel that afternoon. Respondent's counsel confirmed the draft order reflected the trial court's ruling. The trial court entered the order granting Petitioner's motion for summary judgment and denying Respondent's motions to dismiss and for summary judgment on 24 May 2019. Respondent filed his notice of appeal on 6 June 2019.

## II. Jurisdiction

Respondent appeals the trial court's order as of right pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

## III. Issues

Respondent argues: (1) Petitioner's action should have been time-barred by a three-year statute of limitations; (2) summary judgment was inappropriate because

genuine issues of material fact exist; and, (3) Petitioner should be barred from recovering any reimbursement under the doctrine of laches.

IV. <u>Statute of Limitations</u>

Respondent argues the trial court erred by determining, as a matter of law, that the ten-year statute of limitations under N.C. Gen. Stat. § 1-56 (2019) applies to this case, rather than barring Petitioner's reimbursement action under the three-year statute of limitations of N.C. Gen. Stat. § 1-52(1) (2019).

A. Standard of Review

The issue of which is the applicable statute of limitations is a question of law. *See Goetz v. N.C. Dep't of Health & Human Servs.*, 203 N.C. App. 421, 425, 692 S.E.2d 395, 398 (2010). "Alleged errors of law and questions of statutory interpretation are reviewed *de novo.*" *Id.* (citation omitted).

B. Analysis

N.C. Gen. Stat. § 1-52(1) provides a three-year statute of limitations to an action upon any "obligation or liability arising out of a contract, express or implied." N.C. Gen. Stat. § 1-52(1). N.C. Gen. Stat. § 1-56 provides a ten-year statute of limitations to any action "not otherwise limited" by our General Statutes. N.C. Gen. Stat. § 1-56.

"When determining the applicable statute of limitations, we are guided by the principle that the statute of limitations is not determined by the remedy sought, but

by the substantive right asserted by plaintiffs." *Martin Marietta Materials, Inc. v. Bondhu, LLC*, 241 N.C. App. 81, 84, 772 S.E.2d 143, 146 (2015) (citation omitted). In *Martin Marietta*, one co-tenant of real property located in Virginia sued the other for reimbursement of *ad valorem* property taxes it had paid on the other's behalf. *Id.* at 82, 772 S.E.2d at 144.

This Court interpreted the plaintiff's claim for relief as "setting forth either of two distinct, legally cognizable claims under Virginia law: (1) a claim for contribution; or (2) a claim for an accounting in equity." *Id.* at 87, 772 S.E.2d at 148.

> While Plaintiff would be entitled under either legal theory to reimbursement from Defendant for its share of the property taxes, a contribution claim would be governed by the three-year statute of limitations contained in N.C. Gen. Stat. § 1-52(1) because the substantive right underlying such a claim is derived from an implied contract whereas a claim for equitable accounting — grounded in equity and arising from a trust relationship — would be subject to the ten-year limitations period set out in N.C. Gen. Stat. § 1-56.

*Id.*

Respondent cites *Martin Marietta* to argue the statute of limitations applicable to a reimbursement action depends upon the type and legal source of the relationship between the co-tenants. Respondent argues that claims of reimbursements among co-tenants arising from quasi-contract are subject to the three-year statute of limitations of § 1-52(1), while claims for reimbursements among co-tenants arising from a trust or fiduciary relationship are subject to the ten-year statute of limitations

of § 1-56.  Respondent argues § 1-56 does not apply to the case at bar because he and Petitioner do not share a fiduciary relationship.  This argument overstates this Court's opinion in *Martin Marietta*.

Applying "the principle that the statute of limitations is not determined by the remedy sought, but by the substantive right asserted by plaintiffs," *id*. at 84, 772 S.E.2d at 146, the trial court correctly determined the ten-year period in § 1-56 to be the applicable statute of limitations in this case.  In her Amended Petition, Petitioner alleged:

> Respondent has failed to contribute any sums toward the ad valorem property taxes or mortgage payments due on the property, and *Petitioner is entitled to an equitable adjustment* of Petitioner's and Respondent's share of the net proceeds of the sale of the subject property corresponding to the amount Respondent should have contributed based on Respondent's interest in the subject property.

(emphasis supplied).

Petitioner clearly asserted a substantive right of reimbursement based upon equity from the allocation of the proceeds of the partition sale.  "Petitions for partition are equitable in their nature . . . . The rule is that in a suit for partition a court of equity has power to adjust all equities between the parties with respect to the property to be partitioned." *Henson v. Henson*, 236 N.C. 429, 430, 72 S.E.2d 873, 873-74 (1952) (citations omitted).  Petitioner's action arises in equity and not from a

contract, express or implied. The trial court did not err in concluding the ten-year statute of limitations applied in this case. Respondent's argument is overruled.

V. <u>Summary Judgment</u>

A. Standard of Review

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* (citation and internal quotation marks omitted).

B. Analysis

Respondent argues the trial court erred in granting Petitioner's motion for summary judgment and asserts a genuine issue of material fact exists of whether Petitioner was married to Lawrence at the time of his death.

"There is no presumption that persons are married. A person claiming property of a deceased person by reason of marriage to deceased has the burden of proof of the marriage, and the personal representative, lawful heirs or devisees of deceased do not have the burden of proving non-marriage." *Overton v. Overton*, 260 N.C. 139, 144, 132 S.E.2d 349, 353 (1963) (citations omitted).

> If a ceremonial marriage is in fact established by evidence or admission it is presumed to be regular and valid, and the burden of showing that it was an invalid marriage rests on the party asserting its invalidity. It is presumed that a marriage entered into in another State is valid under the laws of that State in the absence of contrary evidence, and the party attacking the validity of a foreign marriage has the burden of proof.

*Id.* at 143-44, 132 S.E.2d at 352 (citations omitted).

Petitioner asserts she survived Lawrence as his wife in her amended petition. To corroborate her assertion, she proffered a copy of her New York state license and certificate of her marriage to Lawrence. *See Witty v. Barham*, 147 N.C. 479, 481, 61 S.E. 372, 373 (1908) (a copy of a license and certificate of marriage is competent evidence to corroborate a witness' assertion of marriage). She further proffered copies of the application for letters of administration of Lawrence's estate, in which she is listed as his wife; and also Lawrence's death certificate, in which he is listed as "Married" and Petitioner is listed as his surviving spouse. Petitioner established her marriage to Lawrence by competent and substantial evidence, giving Respondent the burden of proof to show that marriage was invalid or had been terminated prior to Lawrence's death. *See Overton* at 144, 132 S.E.2d at 352.

Respondent asserts in his brief in support of his motion for summary judgment and also his affidavit opposing Petitioner's motion for summary judgment that he "was informed by his mother and father that his parents were in fact divorced." No judgment or certificate of divorce is attached to his motion or affidavit.

In light of the unrebutted presumption arising from the New York certificate of marriage and Petitioner's other supporting documentary evidence, Respondent's "conclusory statement without any supporting facts is insufficient to create a genuine issue of material fact." *United Cmty. Bank v. Wolfe*, 369 N.C. 555, 559-60, 799 S.E.2d 269, 272 (2017).

"It is well settled that a [party] must offer some factual evidence to show that his or her theory is more than mere speculation." *Peerless Ins. Co. v. Genelect Servs., Inc.*, 187 N.C. App. 124, 127, 651 S.E.2d 896, 897 (2007), *aff'd*, 362 N.C. 282, 658 S.E.2d 657 (2008). Respondent offers no factual evidence beyond the "conclusory statement" in his own affidavit.

The supporting assertions Respondent makes are: (1) that Petitioner "never states in her petition that she was married to [Lawrence] at the time of his death"; and, (2) that the letters of administration she proffered, which state Lawrence "was survived by his wife, [Petitioner]," were not signed by Petitioner but rather by the court-appointed administrator. Neither assertion is sufficient evidence to carry Respondent's shifted burden of showing invalidity or termination of the marriage at the time of Lawrence's death or to create or show a disputed genuine issue of material fact.

Viewing the evidence in the light most favorable to Respondent, the nonmoving party, he has not carried his burden to show a genuine issue of material fact exists to

reverse summary judgment. Petitioner has established by competent evidence the validity of her marriage to Lawrence and shifted the burden to Respondent to show invalidity of the marriage at the time of Lawrence's death. *See Overton*, 260 N.C. at 144, 132 S.E.2d at 353. Respondent has failed to carry that burden. His argument is overruled.

## VI. Laches

Respondent argues Petitioner should be barred from recovering any reimbursement from him under the doctrine of laches.

> Laches is the negligent omission for an unreasonable time to assert a right enforceable in equity. In equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied.

*Builders Supplies Co. v. Gainey*, 282 N.C. 261, 271, 192 S.E.2d 449, 456 (1972) (citations and internal quotation marks omitted).

Laches is an affirmative defense. *Johnson v. N.C. Dep't of Cultural Res.*, 223 N.C. App. 47, 55, 735 S.E.2d 595, 600 (2012) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 8(c) (2019). A party must raise any affirmative defenses it has in its responsive pleadings, or else the defense is generally waived. *Robinson v. Powell*, 348 N.C. 562, 566, 500 S.E.2d 714, 717 (1998).

Respondent argues Petitioner has waited ten years to assert her claim for reimbursement, from her assumption of financial responsibility for the Property in

December 2008 until after Respondent moved to set aside the order to sell on 28 September 2018. Respondent did not raise the affirmative defense of laches in his answer to Petitioner's amended petition. His first invocation of laches was asserted in his brief in support of his motions to dismiss and for summary judgment.

As Respondent did not raise his affirmative defense in his first responsive pleading, he has waived the defense. *Robinson*, 348 N.C. at 566, 500 S.E.2d at 717; *see also* § 1A-1, Rule 8(c). Respondent's argument is dismissed.

## VII. Conclusion

This petition for partition and reimbursement is equitable in nature and does not arise from a contract, express or implied, between the parties to implicate the three-year statute of limitations under N.C. Gen. Stat. § 1-52(1). The trial court correctly determined, as a matter of law, that the ten-year statute of limitations under N.C. Gen. Stat. § 1-56 applies to this case, rather than barring Petitioner's reimbursement action under the three-year statute of limitations of § 1-52(1). *See Martin Marietta*, 241 N.C. App. at 84, 772 S.E.2d at 146.

Petitioner established her valid marriage to Lawrence by competent evidence and shifted the burden to Respondent to show its invalidity at the time of Lawrence's death. Respondent has not carried that burden and his bare assertions or conclusions do not create a genuine issue of material fact. *See United Cmty. Bank*, 369 N.C. at 559-60, 799 S.E.2d at 272. Further, Respondent has waived the affirmative defense

of laches by not raising the defense in his responsive pleading. *Robinson*, 348 N.C. at 566, 500 S.E.2d at 717; *see also* § 1A-1, Rule 8(c).

The trial court's judgment, granting of summary judgment in favor of Petitioner and denying of Respondent's motions to dismiss and for summary judgment is affirmed. *It is so ordered.*

AFFIRMED.

Judges DILLON and MURPHY concur.