ROBINSON, BRADSHAW & HINSON, P.A., PLAINTIFF V. BONITA HARRIS SMITH AND
OLLEN BRUTON SMITH, DEFENDANTS

No. COA99-750

(Filed 18 July 2000)

**1. Attorneys— contingency fee—equitable distribution—
cross-claims under settlement agreement**

In an action to collect attorney fees arising under a contin-
gent fee agreement in an equitable distribution action, the trial
court erred by granting summary judgment for Mrs. Smith on
cross-claims for indemnity and for breach of an agreement
where both cross-claims concerned the same issue and affidavits
established a genuine issue of fact as to whether a settlement
was reached and whether Mrs. Smith breached the agreement by
failing to cooperate.

**2. Attorneys— contingency fee—equitable distribution—
cross-claims under settlement agreement**

In an action to collect attorney fees arising under a contin-
gent fee agreement in an equitable distribution action, the trial
court erred by entering summary judgment for RB&H (the law
firm attempting to collect the fee) against Mr. Smith where there
were disputed issues of fact as to who would be ultimately liable
for the fee award.

**3. Pleadings— amendment—defense not specifically pleaded**

Pleadings were deemed to be amended in an action to collect
attorney fees arising under a contingent fee agreement in an

1

equitable distribution action where the law firm attempting to collect the fee (RB&H) contended that Mr. Smith did not specifically plead Mrs. Smith's breach of an agreement in defense of RB&H's claim against him and that the defense was waived as to RB&H, but the record clearly reflects that RB&H had ample notice of the issue and it cannot be said that deeming Mr. Smith's pleadings to be amended to assert the breach would work any prejudice to RB&H.

**4. Appeal and Error— ripeness—prior decision**

The issue of whether the present value of a settlement was a proper method of calculating attorneys' fees under a contingency contract for an equitable distribution action became ripe for appeal only in this appeal, following a remand, as the trial court's original calculation did not disclose that a present value calculation was used to determine the fee and the trial court has since made the requisite findings. The Court of Appeals disagreed with the contention that this issue was previously decided in that the same assignment of error was raised relating to the present value issue, the issue was not discussed, and the previous opinion (129 N.C. App. 305) stated that the Court of Appeals had reviewed any remaining assignments of error and found them to be without merit.

**5. Appeal and Error— motion to amend record—reasons not given**

A Motion to Amend the Record on Appeal was denied where one of the defendants wanted to add to the record portions of depositions included in the record on a prior appeal but provided no explanation of why they are necessary or why they were not included in the first record.

**6. Attorneys— contingency fee—present value of award**

The trial court correctly determined on summary judgment the present value of a contingent fee recovery for an equitable distribution claim where the phrase "value of recovery" in the contingent fee contract could only mean the present value of the total recovery. The words "value of" would be meaningless if the phrase was defined to mean total recovery rather than present value, and such a construction is not favored. Moreover, the court correctly awarded the attorneys (plaintiffs in this action) twenty percent of the present value, rather than first calculating

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

the attorneys' fees on the total award and reducing those figures to present value, as defendant Mr. Smith urged.

Appeal by defendant Ollen Bruton Smith from order and judgment filed 25 January 1999 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 March 2000.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James T. Williams, Jr. and Allison M. Grimm, for plaintiff-appellee.*

*Lawing, Sharpless & Stavola, P.A., by Frederick K. Sharpless and Eugene E. Lester, III, for defendant-appellee Bonita Harris Smith.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr. and Anne L. Hester, for defendant-appellant Ollen Bruton Smith.*

SMITH, Judge.

Defendant Ollen Bruton Smith (Mr. Smith) appeals from an "Order and Judgment" of the trial court (1) holding Mr. Smith and Bonita Harris Smith (Mrs. Smith) jointly and severally liable to plaintiff Robinson, Bradshaw & Hinson, P.A. (RB&H); (2) ordering Mr. Smith to indemnify Mrs. Smith; (3) dismissing Mr. Smith's cross-claims against Mrs. Smith; and (4) ordering Mr. Smith to pay Mrs. Smith's costs and attorneys' fees in the instant action, with the amount thereof to be determined at a later hearing. We affirm in part and reverse in part the decision of the trial court.

The parties to this action are before this Court for the third time. *See Smith v. Smith,* 111 N.C. App. 460, 433 S.E.2d 196 (1993) (*Smith I*), *rev'd in part,* 336 N.C. 575, 444 S.E.2d 420 (1994) (*Smith II*); *Robinson, Bradshaw & Hinson v. Smith,* 129 N.C. App. 305, 498 S.E.2d 841 (*Robinson*), *disc. review denied,* 348 N.C. 695, 511 S.E.2d 649 (1998). Lengthy discussion of the facts is unnecessary in light of the extensive factual rendition in *Smith I* and *Robinson.* Briefly, the facts are as follows:

Mr. and Mrs. Smith were married in 1972, separated in 1988, and granted an absolute divorce 5 February 1990. An equitable distribution judgment was entered 5 April 1991, from which both parties appealed. *See Smith I,* 111 N.C. App. at 468, 433 S.E.2d at 201. Although the trial court's judgment was largely upheld on appeal, por-

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

tions of the case were remanded to the trial court for further proceedings. *See Smith II*, 336 N.C. at 580, 444 S.E.2d at 423.

RB&H represented Mrs. Smith on a contingency fee basis throughout the duration of the equitable distribution trial and its subsequent appeals. After the Supreme Court's June 1994 opinion in *Smith II*, Mrs. Smith met with RB&H attorneys to discuss terms of a potential settlement with Mr. Smith.

In the fall of 1994, Mrs. Smith began settlement negotiations with Mr. Smith and retained the services of an attorney, Pamela H. Simon (Simon), not affiliated with RB&H. RB&H, unaware of these activities, continued to pursue Mrs. Smith's case.

Simon filed a new equitable distribution action in Iredell County 7 November 1994 on Mrs. Smith's behalf and shortly thereafter informed the trial court that the parties had reached a settlement. On 15 November 1994, Mrs. Smith voluntarily dismissed her still pending Mecklenburg County equitable distribution action and placed a discharge letter to RB&H in a mailbox outside the courthouse. The trial court subsequently entered judgment in the Iredell County case (the Iredell judgment).

The Iredell judgment contained the following provisions pertinent to this appeal:

3. . . . .

[Mr. Smith] shall . . . pay, upon entry of this order, $449,047.00 into an escrow account, . . . which funds shall be paid by the escrow agent to [RB&H] . . . .

[Mr. Smith] shall also be liable, and shall pay, . . . for any other reasonable attorneys' fees and costs for which [Mrs. Smith] is liable to [RB&H] as a result of that law firm's representation of [Mrs. Smith] in other litigation between [Mrs. Smith] and [Mr. Smith]; provided, however, that [Mrs. Smith] and [Mr. Smith] shall have the right to contest any demand for fees in excess of the amount described above, and [Mr. Smith] shall pay any additional amount to [RB&H] only as he may agree or as ordered by a court of law making a determination as to the liability, if any, of [Mrs. Smith] for such additional amount, and the reasonableness of such additional amount, if any. . . .

. . . .

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

17. . . . In the event that any claim is made or action filed against [Mrs. Smith] for . . . attorneys' fees, [Mrs. Smith] shall notify [Mr. Smith] of the claim or action . . . and [Mr. Smith] shall be entitled to defend against such claim or action in any manner that [Mr. Smith] deems appropriate, including, but not limited to, filing a declaratory judgment action for a determination of liability, if any. *[Mrs. Smith] shall cooperate with [Mr. Smith] in defense of such claim or action in defending against such claims or in connection with any declaratory judgment action.* [Mr. Smith] shall pay all costs, fees, and expenses in connection with any such declaratory judgment action. [Mrs. Smith] shall not be entitled to bind [Mr. Smith] to payment of any settlement of such tax or attorneys' fee liability without the prior written consent of [Mr. Smith].

(emphasis added).

On the same day the Iredell judgment was entered, Mr. and Mrs. Smith signed a "Contract and Agreement" (the Agreement) containing almost identical language to that of paragraph 17, above, but with the following addition:

2. . . . [Mr. Smith] shall advance to [Mrs. Smith] as partial compliance with the Iredell County [judgment] requiring him to indemnify [Mrs. Smith], any costs, fees, attorneys' fees or other expenses of litigation that may be required to establish or contest the claims of any of the attorneys or experts.

We note that Mr. Smith alleges Mrs. Smith breached the Iredell judgment and the Agreement by failing to settle the case *sub judice* in December 1995, an issue we later discuss in detail.

RB&H filed suit against the Smiths on 23 January 1995, asserting claims for, *inter alia*, (1) breach of contract against Mrs. Smith; (2) tortious interference with contract, including punitive damages, against Mr. Smith; (3) tortious interference with economic advantage against Mr. Smith; and, (4) breach of contract for the benefit of a third party against Mr. Smith. On 23 March 1995, Mrs. Smith filed her answer and a cross-claim against Mr. Smith alleging the Iredell judgment and the Agreement required Mr. Smith "to indemnify Mrs. Smith against, and pay on behalf of Mrs. Smith, all expenses of litigation . . . incurred on Mrs. Smith's behalf," as well as "any judgment for fees, costs and/or interest that may be awarded" to RB&H.

The Smiths moved for summary judgment as to all of RB&H's claims on 13 October 1995, while RB&H filed a motion for partial summary judgment on 17 October 1995 as to its claims against Mrs. Smith "for fees owed for legal services" and against Mr. Smith for breach of his contract with Mrs. Smith to pay her attorneys' fees.

Mr. Smith filed a motion to amend his answer 12 February 1996 in order to assert as a defense to Mrs. Smith's cross-claim Mrs. Smith's alleged breach of her obligation under the Agreement "to cooperate with Mr. Smith in his defense of this lawsuit . . . ." The amended answer also contained several cross-claims against Mrs. Smith, including a claim for damages resulting from Mrs. Smith's alleged breach. The trial court granted Mr. Smith's motion to amend on 15 November 1996.

The trial court also entered judgment 15 November 1996 on the parties' cross-motions for summary judgment. The court's judgment (1) dismissed RB&H's claims against Mr. Smith for tortious interference with contract and with prospective economic advantage; (2) found the contingency fee contract between RB&H and Mrs. Smith valid and binding against Mrs. Smith; and, (3) held that RB&H was "entitled to recover against [Mr. Smith] as provided" in the Iredell judgment. The court entered judgment against the Smiths "jointly and severally" in the amount of $1,597,152.50 plus interest. All parties appealed.

In the previous appeal, this Court determined that a provision in the contingency fee contract prohibiting Mrs. Smith from communicating with Mr. Smith regarding the equitable distribution claim was invalid, but upheld the remainder of the contract as enforceable as it was "severable from, and not dependent on, the void portion." *Robinson*, 129 N.C. App. at 314, 498 S.E.2d at 847.

We then held that since Mrs. Smith did not discharge RB&H until after the settlement with Mr. Smith had been finalized, the contingency fee contract between the parties was still in effect, thus entitling RB&H to collect under its terms. *Id.* at 316, 498 S.E.2d at 849. However, because a review of the record

d[id] not disclose how the trial judge determined the appropriate amount of attorneys' fees awarded to RB&H,

*id.* at 316, 498 S.E.2d at 850, we remanded this issue

for entry of an order with findings of fact and a determination of the appropriate amount of attorneys' fees for RB&H based on the contingency fee contract and the value of the judgment in effect at the time of the termination,

*id.*

We next held that it was error for the trial court to grant Mr. Smith's motions for summary judgment on RB&H's tortious interference with contract and with prospective economic advantage claims, and remanded those issues to the trial court as well. *Id.* at 318-19, 498 S.E.2d at 851.

Finally, we addressed Mrs. Smith's contention that the trial court should have entered summary judgment in her favor on the issue of Mr. Smith's liability for any attorneys' fees Mrs. Smith may owe to RB&H.

Since Mr. Smith's pleading was amended the same day as the summary judgment hearing, and because the trial court's summary judgment d[id] not specifically address the issue, we [we]re unable to determine from the record before us whether the trial court considered the issue of Mr. Smith's liability for Mrs. Smith's attorneys' fees.

*Id.* at 320, 498 S.E.2d at 852. We therefore ordered the trial court upon remand to

determine Mr. Smith's obligation, if any, for payment of Mrs. Smith's attorneys' fees and expenses to RB&H.

*Id.* at 321, 498 S.E.2d at 852. Mr. Smith petitioned the Supreme Court for discretionary review of our decision, which review was denied 29 July 1998. *See Robinson, Bradshaw & Hinson v. Smith,* 348 N.C. 695, 511 S.E.2d 649 (1998).

Mrs. Smith moved for summary judgment 16 October 1998 as to her cross-claim against Mr. Smith for indemnity and as to Mr. Smith's cross-claims against her. The motion was supported by affidavits from Mrs. Smith and A. Ward McKeithen (McKeithen), a shareholder of RB&H. Mr. Smith and his attorney, William K. Diehl, Jr. (Diehl), submitted affidavits in opposition to the motion.

The trial court heard oral arguments on all pending motions 9 November 1998. On 25 January 1999, the trial court entered an "Order

and Judgment" pursuant to the outstanding motions for summary judgment, which said judgment provided in pertinent part:

> 1. [RB&H] shall have and recover of [Mr. and Mrs. Smith], jointly and severally, the principal sum of $1,553,157.00 . . . .
>
> . . . .
>
> 3. [Mrs. Smith] shall have and recover of [Mr. Smith], and [Mr. Smith] shall indemnify [Mrs. Smith], for any amounts she shall be compelled to pay to [RB&H] pursuant to this judgment, and [Mr. Smith] shall have no right of contribution . . . for any amounts paid to satisfy this judgment.
>
> 4. The cross-claims of [Mr. Smith] against [Mrs. Smith] are dismissed with prejudice.
>
> 5. Pursuant to the cross-claim of [Mrs. Smith . . . ], [Mr. Smith] is found liable to pay the costs and attorneys' fees incurred by [Mrs. Smith] in this action. The amount of such costs and fees shall be determined on further motions or at trial.

Mr. Smith timely appealed, bringing forward nineteen assignments of error. Mrs. Smith filed one cross-assignment of error; however, her cross-assignment of error is deemed abandoned as her appellate brief contained "no reason or argument" in support of that alleged error. N.C.R. App. P. 28(b)(5).

Preliminarily, we note the instant appeal is interlocutory as the order appealed from

> does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy.

*Howerton v. Grace Hospital, Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996). RB&H's claims against Mr. Smith for tortious interference with contract and with prospective economic advantage remain outstanding, *see Robinson*, 129 N.C. App. at 320, 498 S.E.2d at 852 (reversing trial court's grant of summary judgment in favor of Mr. Smith as to those claims and ordering trial court to proceed on those claims upon remand), and the trial court has also reserved for further determination the amount of costs and attorneys' fees Mrs. Smith is entitled to recover from Mr. Smith for the instant action.

"There is generally no right to appeal an interlocutory order." *Howerton*, 124 N.C. App. at 201, 476 S.E.2d at 442. Although the trial

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

court attempted to certify this case for appellate review pursuant to N.C.G.S. § 1A-1, Rule 54(b) (1999) (Rule 54(b)), "a trial judge by denominating his decree a 'final judgment' [cannot] make it immediately appealable under Rule 54(b) if it is not such a judgment," *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). However, we elect to review the instant appeal in the interests of judicial economy and pursuant to our discretionary powers. *See* N.C.R. App. P. 2; N.C.G.S. § 7A-32(c) (1999); *Trust Co. v. Morgan, Attorney General,* 9 N.C. App. 460, 466, 176 S.E.2d 860, 864 (1970) (Court of Appeals, in exercise of supervisory power under G.S. § 7A-32(c), could consider appeal subject to dismissal).

[1] Mr. Smith first asserts the trial court erred in entering summary judgment in favor of Mrs. Smith on her cross-claim against Mr. Smith for indemnity and Mr. Smith's cross-claims against her for, *inter alia,* breach of the Agreement. We agree.

A motion for summary judgment is properly granted when

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.G.S. § 1A-1, Rule 56(c) (1999) (Rule 56(c)). Summary judgment may be entered in favor of the non-moving party in an appropriate case. *Candid Camera Video World v. Matthews,* 76 N.C. App. 634, 637-38, 334 S.E.2d 94, 96-97 (1985), *disc. review denied,* 315 N.C. 390, 338 S.E.2d 879 (1986).

Mr. and Mrs. Smith's cross-claims concern the same issue: whether, under the Iredell judgment and the Agreement, Mr. Smith is required to indemnify Mrs. Smith for RB&H's attorneys' fees in the underlying equitable distribution matter and for the expenses of litigation in the instant action. We thus consolidate for discussion the parties' cross-claims and motions for summary judgment.

For Mrs. Smith to prevail at summary judgment, she must show that there is no genuine issue as to any material fact, such that she is entitled to a judgment as a matter of law. Rule 56(c). Mr. Smith contends summary judgment was inappropriate as there is a genuine issue of material fact as to whether Mrs. Smith breached the provision in the Agreement requiring her to "cooperate" with Mr. Smith "in defense of [RB&H's] claim."

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

Affidavits presented by each party establish that settlement negotiations were taking place between Diehl (Mr. Smith's attorney) and RB&H in December 1995. Mr. Smith contends the negotiations were complete and merely required assent on the part of Mrs. Smith to close the transaction, but he asserts that Mrs. Smith breached her duty to cooperate by adamantly refusing to agree to the settlement under the terms set by Mr. Smith and RB&H. Mrs. Smith and RB&H argue, however, that no settlement was ever reached, as Mr. Smith and RB&H disagreed over material terms of the settlement.

While an affidavit from McKeithen of RB&H asserts there was no "meeting of the minds on any agreement to settle," Diehl submitted an affidavit asserting that settlement negotiations took place between Diehl and Jim Williams (Williams) of RB&H, not McKeithen, and that an agreement was reached with Williams. Suffice it to say, we find the affidavits establish a genuine issue of material fact as to whether a settlement was reached and whether Mrs. Smith breached the Agreement by failing to cooperate in the culmination of that settlement. Summary judgment was thus improper. *See* Rule 56(c). We reverse the grants of summary judgment on this issue and remand this portion of the case to the trial court for further proceedings. As both RB&H and Mr. Smith demanded a jury trial in their pleadings, these issues must be resolved by a jury unless such demand is waived by the parties.

**[2]** Mr. Smith next argues "the trial court erred in entering summary judgment in favor of RB&H against Mr. Smith." Mr. Smith contends that this Court in *Robinson* intended to reverse the trial court's initial grant of summary judgment in RB&H's favor as to Mr. Smith, and that it was error for the trial court *sub judice* to once again enter summary judgment holding Mr. and Mrs. Smith jointly and severally liable to RB&H. We agree.

In *Robinson* this Court upheld the trial court's grant of summary judgment in favor of RB&H, finding the contingency fee contract to be valid and enforceable and that RB&H was entitled to recover under it. *Robinson*, 129 N.C. App. at 316, 498 S.E.2d at 849-50. We remanded the issue solely for the trial court to make "findings of fact and a determination of the appropriate amount of attorneys' fees." *Id.*

We further held the issue of Mr. Smith's indemnification of Mrs. Smith was not "ripe or proper for consideration at the time the [trial] court ruled," *id.* at 320, 498 S.E.2d at 852, and thus ordered the court

on remand to "determine Mr. Smith's obligation, if any, for payment of Mrs. Smith's attorneys' fees and expenses to RB&H," *id.* at 321, 498 S.E.2d at 852.

The essence of Mr. Smith's argument is that summary judgment should not have been entered entitling RB&H to recover against *him,* in that the contingency fee contract was between RB&H and Mrs. Smith, and his cross-claims against Mrs. Smith are an attempt to shield him from liability for RB&H's fees arising under the Iredell judgment and Agreement. We agree with this formulation of the issue.

Given that we have decided that a genuine issue of material fact still exists so as to preclude summary judgment on Mr. and Mrs. Smith's cross-claims against one another, it is also premature at this stage to determine whether Mr. Smith will be liable for RB&H's fees. Our decision in *Robinson* held only that RB&H was entitled to recover under the contingency fee contract, pursuant to which Mrs. Smith is solely liable.

We regret that our earlier decision may have been misinterpreted by the trial court as instructing it to determine at summary judgment the Smiths' cross-claims. However, given that there are disputed issues of fact that must be resolved, this determination is properly one for the finder of fact. Thus, on remand the jury must dispose of Mr. and Mrs. Smith's cross-claims and determine who will be ultimately liable for the fee award to RB&H. While Mrs. Smith remains primarily liable under the contingency fee contract for RB&H's fees, Mr. Smith may be forced to indemnify her for such fees pursuant to the Iredell judgment and Agreement if Mrs. Smith prevails on her cross-claim.

[3] RB&H contends that Mr. Smith did not specifically plead Mrs. Smith's breach in defense to RB&H's claim against him for breach of his contract with Mrs. Smith, and that as such the defense is waived as to RB&H. It is true that Mr. Smith's motion to amend his answer, granted 15 November 1996, pled Mrs. Smith's breach as an affirmative defense only to Mrs. Smith's cross-claims.

While failure to plead an affirmative defense "generally results in a waiver thereof," *Robinson v. Powell,* 348 N.C. 562, 566, 500 S.E.2d 714, 717 (1998), "the issue may still be raised by express or implied consent," *Miller v. Talton,* 112 N.C. App. 484, 487, 435 S.E.2d 793, 796 (1993). "[A]bsent [evidence of] prejudice to plaintiff, an affirmative

defense may be raised by a motion for summary judgment regardless of whether or not it was pleaded in the answer." *Id.* Even if, as here, the affirmative defense was not referred to in the party's motion for summary judgment[1],

> the failure to expressly mention the defense in the motion will not bar the trial court from [considering] the motion on that ground. This is especially true where the party opposing the motion has not been surprised and has had full opportunity to argue and present evidence.

*Id.* (citation omitted).

Though Mr. Smith's amended answer was directed solely to Mrs. Smith's cross-claims, a copy of the proposed amended answer was mailed to RB&H's attorneys of record several months before the summary judgment hearing was held. The record clearly reflects that the issue of Mrs. Smith's breach was before the trial court and that RB&H had ample notice of such issue. Thus, we cannot find, and RB&H does not suggest, that deeming Mr. Smith's pleadings to be amended to assert the defense of breach against RB&H would work, at this stage of the proceedings, any prejudice to RB&H. We therefore deem the pleadings to be so amended. *See id.* at 487-88, 435 S.E.2d at 797 (amending pleadings to conform to evidence where issue was "clearly before the trial court," plaintiffs were not "surprised" by the defense, and plaintiffs made no argument they were prejudiced).

[4] Finally, Mr. Smith argues the trial court erred by calculating the amount of RB&H's fee "based on the 'present value' of the settlement received by Mrs. Smith." Before proceeding, we address RB&H's contention that this issue was previously decided in *Robinson*, as Mr. Smith raised the same assignments of error in that appeal relating to the present value issue. Although our opinion did not discuss this issue, RB&H asserts we overruled Mr. Smith's assignments of error when we stated that we had reviewed any remaining assignments of error and found them "to be without merit." *Robinson*, 129 N.C. App. at 320, 498 S.E.2d at 852.

We disagree. We remanded the cause in *Robinson* for the trial court to make a "determination with findings of fact of the appropriate amount of RB&H's attorneys' fees," *id.*, as a review of the record

---

1. Mr. Smith's motion for summary judgment was submitted to the trial court 13 October 1995, several months before the negotiations began on the proposed settlement that ultimately led to his claim for breach against Mrs. Smith.

did not disclose how the trial court had determined its original figure, *id.* at 316, 498 S.E.2d at 850. RB&H had argued to this Court that the amount of attorneys' fees should not be based on the final settlement between Mr. and Mrs. Smith, but rather should be based on the original judgment obtained by RB&H in 1991 for Mrs. Smith. We disagreed, and held that on remand the trial court should base the fee on "value of the judgment in effect at the time of the termination of RB&H as counsel." *Id.* at 320, 498 S.E.2d at 852.

As the trial court's original judgment did not disclose that a present value calculation was used to determine RB&H's fee, and as we ordered the court upon remand to re-calculate the fee and support such calculation with findings of fact, the issue of whether present value of the settlement is a proper method of calculating attorneys' fees under a contingency fee contract was not ripe for appellate review at the time of *Robinson.* The issue has only now become ripe for appellate review, as the trial court has since made the requisite findings of fact.

**[5]** We must also address Mr. Smith's pending "Motion to Amend Record on Appeal." Mr. Smith moves this Court to add to the instant record portions of depositions that were presented to the trial court and included in the prior Record on Appeal for the *Robinson* case, and that ostensibly relate to this assignment of error.

Mr. Smith asserts that these materials "are necessary to an understanding of the errors assigned," *see* N.C.R. App. P. 9(a)(1)(e), but does not provide an explanation of why they are necessary or why they were not included in the current record, given that they were included in the first Record on Appeal. We thus deny the motion.

**[6]** The contingency fee contract prepared by RB&H provided:

[O]ur fee will be based on and determined by the value of the recovery obtained for you by settlement or by court order following trial. Our fee will be based on the amount recovered and will be determined based on the following schedule:

. . . .

(b) A fee of twenty percent (20%) of the recovery will be paid from any . . . recovery up to the first $10,000,000;

(c) A fee of fifteen percent (15%) of the recovery will be paid on any portion of the recovery between $10,000,000 and $20,000,000. . . .

ROBINSON, BRADSHAW AND HINSON, P.A. v. SMITH

[139 N.C. App. 1 (2000)]

On remand, the trial court made the following relevant findings of fact to support its calculation of the amount owed to RB&H:

> e. The uncontradicted evidence before the court was that the total present value of the settlement of the equitable distribution claim pursuant to the judgment entered between [Mrs. Smith] and [Mr. Smith] as of November 15, 1994 is $7,765,787.00, representing the value of cash payments to Mrs. Smith. (Affidavit of Joseph Johnston at ¶ 5).
>
> f. The contingent fee contract provides that [RB&H] will be paid a contingency fee of 20% on the value of any recovery up to $10 million.
>
> g. Applying the contingent fee contract to the present value of the settlement pursuant to the judgment entered on the equitable distribution claim, [RB&H's] fees relating to the equitable distribution claim are 20% x $7,765,787.00 = $1,553,157.00.
>
> h. The amount of $1,553,157.00 is the appropriate fee for [RB&H] . . . and said amount is reasonable as a matter of law.

Mr. Smith argues that the contingency fee contract between RB&H and Mrs. Smith is "subject to more than one interpretation" as to how RB&H's fee is to be determined if, as here, Mrs. Smith agreed to a structured settlement. Although an affidavit from an economist indicated the present value of Mrs. Smith's settlement to be $7,765,787.00, the total amount of payments to be made to Mrs. Smith is $19.4 million ($1.9 million payable immediately, with $500,000 payable annually thereafter for thirty-five years).

Mr. Smith interprets the contract to require RB&H to be paid as Mrs. Smith is paid, such that RB&H would receive twenty percent of each of Mr. Smith's payments to Mrs. Smith up to $10 million, and then fifteen percent of all remaining payments. Alternatively, Mr. Smith argues that even if RB&H is entitled to be paid a lump sum fee based on the present value of the settlement, RB&H's fee

> should be determined by calculating 20 percent of each payment Mrs. Smith will receive in the future up to the aggregate amount of $10 million, calculating 15 percent of each payment she will receive in excess of $10 million, and reducing the amount of those fees to present value.

"Contract language which is 'plain and unambiguous on its face' can be interpreted as a matter of law; however, if it is ambiguous, it is

a question for the jury." *Taha v. Thompson*, 120 N.C. App. 697, 701, 463 S.E.2d 553, 556 (1995) (citing *Cleland v. Children's Home*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983)), *disc. review denied*, 344 N.C. 443, 476 S.E.2d 130 (1996). "Parties can differ as to the interpretation of language without its being ambiguous . . . ." *Walton v. City of Raleigh*, 342 N.C. 879, 881-82, 467 S.E.2d 410, 412 (1996).

The contested language at issue herein is the phrase "the value of the recovery." RB&H contends such language refers to the present value of Mrs. Smith's settlement, while Mr. Smith contends it refers to the total value of all payments to be made to Mrs. Smith.

We stated in *Robinson* that

[i]t is common knowledge that the legal profession, jurors, and the courts decide the value of many items including the value of recovery or judgments on a daily basis. This is particularly true in the areas of class actions and structured settlements to name just a few instances. The term "value of the recovery" is a sufficient definition for the parties to have had a meeting of the minds,

*Robinson*, 129 N.C. App. at 313, 498 S.E.2d at 848, such that the contingency fee contract was a valid and enforceable contract. We did not reach the separate issue of whether the term "value of the recovery" is ambiguous. We hold today that it is not ambiguous.

We believe "value of the recovery" can have only one meaning: the present value of the total recovery. The words "value of" modify "recovery," indicating that the fee is to be based not on the total "recovery" alone, but rather on the "value of the recovery." The words "value of" would be meaningless if we defined the phrase to mean total recovery rather than present value of the recovery. Such a construction is not favored. *See Williams v. Insurance Co.*, 269 N.C. 235, 240, 152 S.E.2d 102, 107 (1967) (each word in a contract must "be given effect if possible by any reasonable construction").

The concept of present value has long been recognized by our courts. For example, our Supreme Court in 1912 held that "[w]here future payments . . . are to be anticipated by the jury and capitalized in a verdict, the plaintiff is entitled only to their present worth." *Fry v. R.R.*, 159 N.C. 357, 362, 74 S.E. 971, 973 (1912). Further, the North Carolina State Bar, in Ethics Opinion RPC 141, prescribes that

where an attorney is entitled to receive a contingent fee calculated as a percentage of any amount recovered and arrangements

are made for the payment of sums certain over a . . . period of time in the form of a structured settlement, the attorney may collect immediately only the prescribed percentage of the total settlement reduced to its present value.

We thus hold that the contingency fee contract between the parties must be interpreted to award RB&H a percentage of the present value of Mrs. Smith's total recovery. Courts in other states have reached the same conclusion on similar facts. *See, e.g., Ravsten v. Dept. of Labor and Industries*, 736 P.2d 265, 273-74 (Wash. 1987) (holding contingency fee must be calculated on present value of structured settlement and paid in lump sum); *Johnson v. Sears, Roebuck & Co.*, 436 A.2d 675, 678 (Pa. Super. Ct. 1981) (paying attorneys' contingency fee as each payment, under structured settlement, is made to client would be "unwieldly and impractical;" attorney entitled to lump sum distribution based on cost of annuity used to fund structured settlement); *but cf. Cardenas v. Ramsey County*, 322 N.W.2d 191, 193 (Minn. 1982) (contingency fee contract entitling attorney to percentage of "total amount recovered" is ambiguous in light of structured settlement and must be interpreted to require payment to attorney only as client receives payments); *Sayble v. Feinman*, 142 Cal. Rptr. 895, 899 (Cal. Ct. App. 1978) (annuity does not constitute "money" for purposes of contingency fee contract entitling attorney to percentage of "any money recovered;" attorney must receive fee as client receives annuity payment).

Further, we hold the trial court correctly awarded RB&H twenty percent of the present value of the recovery, rather than first calculating the attorneys' fees on the total award ($19.4 million) and then reducing those figures to present value, as Mr. Smith urges should have been done. Mr. Smith's suggested procedure is not expressly contemplated by the contract, and we decline to impose such a strained reading on the document's provisions.

The contract states simply that the fee is to be based on the "value of the recovery," and that RB&H is entitled to twenty percent of the "recovery up to the first $10,000,000." Neither Mr. nor Mrs. Smith challenged, in this appeal or the previous appeal, the court's calculation of the present value of the $19.4 million settlement or argues that $1,553,157.00 is not a reasonable fee. In fact, the evidence that the present value of the recovery is $7,765,787.00 is uncontradicted. As there is no genuine issue of material fact to be resolved, we hold the trial court correctly determined on summary judgment the

present value of the recovery. Thus, RB&H's fee is twenty percent of $7,765,787.00, or $1,553,157.00.

Because of the possibility that settlements will ultimately be structured, attorneys relying on contingency fee arrangements would be wise to draft their fee contracts specifically contemplating a structured settlement in addition to the percentage contract. While we hold that the contract at issue *sub judice* mandates a lump sum payment of attorneys' fees, contracts could be drafted to provide for payment of fees as payments are received by the client under a structured settlement arrangement.

The attorneys' fee award in the instant case is less than the up-front cash award received by Mrs. Smith, and could thus conceivably be paid from those funds if the trier of fact determines Mrs. Smith is solely liable for payment of RB&H's fees. However, it is also possible that a lump sum attorney's fee award based on the present value of a structured settlement could be larger than any up-front cash received or could be a large percentage of the up-front award, thus potentially working a hardship on the client. *See Wyatt v. U.S.*, 783 F.2d 45, 49 (6th Cir. 1986) ("payment in full on the front end of a 25% attorney fee . . . where substantial payments are to be made to the claimant-plaintiff in the future may work a serious hardship on the very person intended to be benefited [sic]"). Attorneys must tread carefully in dealing with structured settlements to ensure that the timing of payment of their fee does not result in the collection of a "clearly excessive fee." Revised Rules of Professional Conduct Rule 1.5(a).

To summarize, in *Robinson* this Court (1) reversed the trial court's grant of summary judgment in favor of Mr. Smith on RB&H's tortious interference with contract and with prospective economic advantage claims, *Robinson*, 129 N.C. App. at 318-19, 498 S.E.2d at 851; (2) determined the contingency fee contract between Mrs. Smith and RB&H to be valid and enforceable and that RB&H is entitled to recover under that contract, *id.* at 316, 498 S.E.2d at 849-50; (3) held it was premature to determine Mr. Smith's "obligation, if any, for payment of Mrs. Smith's attorneys' fees," *id.* at 321, 498 S.E.2d at 852; and, (4) remanded the case to the trial court to determine Mr. Smith's obligation and to determine the "appropriate amount of attorneys' fees for RB&H based on the contingency fee contract," *id.* at 316, 498 S.E.2d at 850.

We now (1) reverse the trial court's grant of summary judgment against Mr. Smith as to Mr. and Mrs. Smith's cross-claims; (2) reverse

the trial court's grant of summary judgment in favor of RB&H against Mr. Smith; and, (3) affirm the trial court's determination of the amount of attorneys' fees to be awarded to RB&H pursuant to the contingency fee contract.

Mrs. Smith, having never challenged the calculation or reasonableness of RB&H's fee, is liable for the $1,553,157.00 award. However, on remand, the trier of fact must determine if Mrs. Smith breached the Iredell judgment and Agreement, and if so, whether such breach relieves Mr. Smith of any obligation to indemnify Mrs. Smith for RB&H's attorneys' fees and for the costs and attorneys' fees incurred by Mrs. Smith in the instant action. Mr. Smith's obligation for any such fees is to be determined by the appropriate trier of fact.

RB&H's tortious interference claims must also be resolved by the trier of fact. We note that a recent decision of this Court addresses the elements of a claim for tortious interference with prospective economic advantage. *See Dalton v. Camp*, 138 N.C. App. 201, 211, —— S.E.2d ——, —— (2000) (to maintain action, "plaintiff must show that defendants induced [a third party] to refrain from entering into a contract with plaintiff without justification"). The trial court and the parties may wish to examine RB&H's claim in light of this decision and determine under the facts alleged the viability of that claim for relief.

Affirmed in part, reversed in part, and remanded.

Judges WYNN and HORTON concur.