SHERRY S. ALBERT, ADMINISTRATRIX OF THE ESTATE OF DORIS HILL KING; SHERRY S. ALBERT, ADMINISTRATRIX OF THE ESTATE OF FRANK LaRUE KING, Plaintiffs v. J. KIMZIE COWART, WACHOVIA CORPORATION, REGIONS BANK, AM SOUTH INVESTMENT SERVICES, INC., And NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, Defendants

No. COA09-93

(Filed 15 September 2009)

**1. Appeal and Error— appealability—interlocutory order— Rule 54(b) certification—no just reason for delay—judicial economy**

Plaintiffs' motion to dismiss both appeals from interlocutory orders that were granted N.C.G.S. § 1A-1, Rule 54(b) certification by the trial court was denied because the issue of the survivorship interest was central to and determinative of the controversy between these parties and was a question of law.

**2. Banks and Banking— right of survivorship—intent—joint checking account**

The trial court erred in a breach of fiduciary duty and negligence case by determining that a joint checking account did not incorporate a right of survivorship because the clear intent of Doris King's and Kimzie Cowart's Customer Access Agreements and the subsequent agreement between Doris King and Cowart to enter into a joint checking account was to incorporate a right of survivorship.

**3. Negligence— cross-claim—derivative liability**

The trial court did not err by granting summary judgment in favor of defendant Wachovia on the issue of defendant Cowart's cross-claim of negligence because review of the trial court's ruling on Wachovia's derivative liability is more properly presented after the underlying claims against Cowart are resolved.

Appeal by defendants from judgments entered 31 July 2008 and 2 September 2008 by Judge Mark E. Powell in Henderson County Superior Court. Heard in the Court of Appeals 11 June 2009.

*Prince, Youngblood & Massagee, PLLC, by Boyd B. Massagee, Jr., for plaintiff-appellee.*

*Dameron, Burgin, Parker & Jackson, P.A., by Phillip T. Jackson, for defendant-appellant J. Kimzie Cowart.*

**ALBERT v. COWART**

[200 N.C. App. 57 (2009)]

*William L. Gardo II for defendant-appellant J. Kimzie Cowart. K&L Gates LLP, by A. Lee Hogewood III, for defendant-appellant Wachovia Corporation.*

*Womble Carlyle Sandridge & Rice, by Tricia Morvan Derr, for defendant-appellee Regions Bank and AM South Investment Services, Inc.*

*Nelson Mullins Riley & Scarborough, LLC, by Thomas G. Hooper, for defendant-appellee New York Life Ins. and Annuity Corporation.*

BRYANT, Judge.

Defendants Kimzie Cowart and Wachovia Corporation (Wachovia) appeal from Henderson County Superior Court judgments entered 31 July 2008 and 2 September 2008. For the reasons stated herein, we reverse in part the judgment of the trial court and dismiss in part the appeal.

*Facts*

Frank and Doris King were residents of Henderson County, North Carolina. At the age of 75, Doris was diagnosed with terminal cancer, and her doctor encouraged her to get her affairs in order. On 7 September 2005, Cowart, Frank King's nephew, received Doris's authorization for a durable power of attorney. On that same day, Cowart presented Wachovia with the document granting him durable power of attorney and authorizing him to conduct banking transactions on her behalf.

As long-time customers of Wachovia, the Kings had multiple accounts: on 8 September 2005, certificate of deposit number 51192050455143 (CD 143) had a balance of $100,110.44; on 9 September 2005, certificate of deposit number 514112040471176 (CD 176) had a balance of $54,950.45; on 9 September 2005, certificate of deposit number 514112050810824 (CD 824) had a balance of $197,486.42; and on 9 September 2005, certificate of deposit number 514112050810832 (CD 832) had a balance of $99,050.69. The Kings also maintained a joint checking account, number 1038892435650. Both Frank and Doris had individual Customer Access Agreements (CAA) on file with Wachovia authorizing that a right of survivorship be incorporated with any joint account opened with Wachovia. Each account was held jointly under the names of Frank and Doris King.

On 8 September 2005, Cowart presented Wachovia with the following statement signed by himself and Doris King: "Please open a checking account in the names of Doris H. King and Kimzie Cowart in the amount of $100,000." On 9 September 2005, pursuant to the written request, Wachovia opened a joint checking account under the names Doris H. King and J. Kimzie Cowart—Account 588.

On 8 and 9 September 2005, as attorney-in-fact, Cowart liquidated the certificates of deposit held jointly by Frank and Doris King, withdrew $9,000 from their joint checking account, and deposited a total of $460,598.00 into Account 588. Doris King died 11 September 2005. Frank King died over a year later on 8 November 2006. Frank's daughter and Doris's stepdaughter, Sherry Albert, was appointed administratrix of their respective estates (plaintiffs).

On 11 September 2005, a check for $5,519.80 was issued from Account 588. On 15 September 2005, a check was issued for $450,000.00, made payable to AmSouth[1] from Account 588. On 12 October 2005, with a check issued by AmSouth, Cowart purchased a single premium deferred fixed annuity from New York Life Insurance and Annuity Corporation (New York Life) for $400,000.00. Cowart is the owner and annuitant listed. On 12 October 2005, Wachovia Account 588 held a balance of $5,105.03.

On 28 September 2006, plaintiffs filed suit against Cowart and Wachovia. On 5 September 2007, plaintiffs amended the complaint to add Regions Bank, AmSouth Investment Services, Inc. (AmSouth), and New York Life as additional defendants. In the complaint, plaintiffs alleged that Wachovia breached its fiduciary duty, acted negligently, and breached its debtor/creditor relationship; that Cowart breached his fiduciary duty, received unjust enrichment, and engaged in constructive fraud and conversion; and that Regions Bank, AmSouth, and New York Life were entitled to the imposition of a constructive trust on moneys transferred to them originating from Wachovia bank Account 588. Cowart filed an answer to the complaint and additionally, filed a cross-claim against Wachovia on the basis of derivative liability—if Cowart was liable to plaintiffs, he requested that Wachovia be taxed with the cost.

On 20 June 2008, Cowart filed a motion for partial summary judgment requesting that the trial court find that Account 588 was a joint account with right of survivorship and that all claims by plaintiff against Cowart be dismissed.

1. AmSouth, a banking institution, merged with Regions Bank 4 November 2006.

As to Cowart, plaintiffs filed a motion for partial summary judgment requesting the following determinations:

1. that Wachovia bank [Account 588] was funded with monies belonging to Doris Hill King ("Doris"), and was not funded with any monies of Defendant Cowart;

2. that no name other than that of Doris and Defendant Cowart was purported to be on Account 588;

3. that Account 588 was not an account with right of survivorship;

4. that Doris died on September 11, 2005, and an amount in excess of $450,000.00 was then in Account 588;

5. that $450,000.00 was withdrawn from Account 588 by Defendant Cowart after September 11, 2005;

6. that upon the death of Doris, her estate was entitled to all monies in Account 588, including the $50,000.00 withdrawn by Defendant Cowart; and

7. that Plaintiffs are entitled to a judgment against Defendant Cowart in the amount of $450,000.00, with interest from September 16, 2005 until paid as a matter of law.

(Original emphasis).

On 31 July 2008, following a hearing on 7 July 2008, the trial court entered a judgment allowing Cowart's motion as to plaintiffs' claims of constructive fraud and conversion but denied his motion on plaintiffs' claims of breach of fiduciary duty and unjust enrichment. The trial court also denied Cowart's motion to determine that Account 588 included a right of survivorship and allowed plaintiffs' motion to determine that Account 588 was not a survivorship account. The judgment was deemed final as to those claims and matters and pursuant to Rule 54(b) certified for immediate appeal. From this order, both Cowart and Wachovia appeal.

On 25 July 2008, Wachovia filed a motion for summary judgment requesting that the trial court find that Account 588 was a joint account with right of survivorship and enter an order dismissing both plaintiffs' amended complaint and Cowart's cross-claim against Wachovia.

## ALBERT v. COWART

[200 N.C. App. 57 (2009)]

On 2 September 2008, following a hearing on 4 August 2008, the trial court entered an order granting summary judgment in favor of Wachovia on Cowart's cross-claim of negligence but, as with Cowart's motion, denied Wachovia's motion to determine that Account 588 was a survivorship account. The trial court also denied plaintiffs' motion on the issue of whether Wachovia acted in bad faith. This judgment was deemed final as to those claims and pursuant to Rule 54(b) certified for immediate appeal. From these orders, both Cowart and Wachovia appeal.

On appeal, Cowart and Wachovia individually question whether (I & III) the trial court erred in determining Account 588 to be a joint account without a right of survivorship. Wachovia separately contends that (II) plaintiffs' initial complaint alleging that Account 588 is a survivorship account precluded summary judgment; and Cowart contends that (IV) summary judgment of Cowart's cross-claim of negligence against Wachovia is precluded by the existence of a genuine issue of material fact.

[1] Before considering the arguments presented, we address plaintiffs' motion to dismiss both appeals as interlocutory.

Immediate appeal of interlocutory orders and judgments is available when a trial court enters a final judgment and certifies that there is no just reason for delay of the appeal as to one or more—but fewer than all—claims or parties and when an interlocutory order or judgment affects a substantial right. *See Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007) ("When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal . . . ."). "Although not binding on this Court, we afford a trial court's Rule 54(b) certification great deference on appeal." *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 9, 652 S.E.2d 284, 291 (2007) (citation omitted).

Here, Cowart and Wachovia appeal from judgments entered 31 July 2008 and 2 September 2008. In the judgment entered 31 July 2008, the trial court denied Cowart's motion as to plaintiffs' claims of breach of fiduciary duty and unjust enrichment. However, the trial court allowed plaintiffs' motion to determine Account 588 did not

have a right of survivorship. Pursuant to Rule 54(b), the trial court certified the judgment as final, stating, "[t]here is no just reason to delay the appeal of this Judgment."

On 2 September 2008, the trial court entered a summary judgment order in favor of Wachovia on Cowart's cross-claim of negligence but, as with Cowart's motion, denied Wachovia's motion to determine that Account 588 incorporated a survivorship right. This judgment was deemed final as to these claims and pursuant to Rule 54(b) certified for immediate appeal. From these orders, both Cowart and Wachovia appeal.[2]

Given the number of claims and counterclaims in this matter that are dependent upon the survivorship issue, we agree with the trial court's determination that "[t]here is no just reason to delay the appeal of th[ese] Judgment[s]." *See Id.* at 9, 652 S.E.2d at 291. Further, as the issue of the survivorship interest is central and determinative to the controversy between these parties and limited to a question of law, judicial economy demands that we address this issue. *Robinson, Bradshaw & Hinson, P.A. v. Smith*, 139 N.C. App. 1, 9, 532 S.E.2d 815, 820 (2000) ("a trial judge by denominating his decree a 'final judgment' [cannot] make it immediately appealable under Rule 54(b) if it is not such a judgment . . . . However, we elect to review the instant appeal in the interests of judicial economy and pursuant to our discretionary powers." (Internal citations omitted)).

---

### Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion. The standard of review for summary judgment is de novo.

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (internal citations and quotations omitted).

---

2. The trial court entered a second summary judgment order 2 September 2008 which denied Wachovia's motion to dismiss the following claims set out by plaintiffs: breach of fiduciary duty, negligence, and breach of debtor/creditor relationship. Wachovia does not assign error or otherwise contest this order; therefore, the order is not within our scope of review. *See* N.C. R. App. P. 10(a) (2008).

*I & III*

[2]  First, Cowart and Wachovia individually assert that the trial court erred in determining that Account 588 did not incorporate a right of survivorship. We agree.

> In interpreting contracts, we adhere to the following rules of construction:

> [T]he goal of construction is to arrive at the intent of the parties when the [contract] was issued. Where a [contract] defines a term, that definition is to be used. If no definition is given, non-technical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended. The various terms of the [contract] are to be harmoniously construed, and if possible, every word and every provision is to be given effect.

*Singleton v. Haywood Elec. Mbrshp. Corp.*, 357 N.C. 623, 629, 588 S.E.2d 871, 875 (2003). "A contract which contains no definite term as to its duration is terminable at will by either party upon reasonable notice after a reasonable time." *Citrini v. Goodwin*, 68 N.C. App. 391, 397, 315 S.E.2d 354, 359 (1984).

Under North Carolina General Statutes, section 53-146.1, "[a]ny two or more persons may establish a deposit account or accounts by written contract. The deposit account and any balance thereof shall be held for them as joint tenants, with or without right of survivorship, as the contract shall provide . . . ." N.C. Gen. Stat. § 53-146.1(a) (2007). "Parties who wish to create a right of surviv-orship applicable to joint bank accounts must comply with the requirements of G.S. § 41-2.1(a)[.]" *In re Estate of Heffner*, 99 N.C. App. 327, 328, 392 S.E.2d 770, 771 (1990). Under General Statutes, section 41-2.1, a right of survivorship in banking deposits may be created by written agreement:

> (a)  A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors . . . when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

N.C. Gen. Stat. § 41-2.1(a) (2007). "Funds in a joint account established with right of survivorship shall belong to the surviving joint tenant or tenants upon the death of a joint tenant . . . as provided in

G.S. 41-2.1 if the account is established pursuant to the provisions of that section." N.C.G.S. § 53-146.1(a) (2007).

Here, Doris King signed a Wachovia Customer Access Agreement (CAA) on 9 May 2003. At the outset, the CAA states "[t]his [CAA] (Signature Card) is designed to eliminate most subsequent signature cards and authorizations when opening future accounts." The Wachovia CAA contained the following subsection:

RIGHT OF SURVIVORSHIP I ONLY N.C. ACCOUNTS:

I understand that by establishing a joint account under the provisions of: North Carolina General Statute 53-146.1 that:

1. Wachovia may pay the money in the account to, or on the order of, any person named in the account . . . .

2. Upon the death of one joint owner the money remaining in the account will belong to the surviving joint owners . . . .

I DO elect to create the Right of Survivorship for any joint account.

Doris King authorized this subsection by signing her name.

On 13 July 2000, Cowart signed a similar CAA with what is now also known as Wachovia.[3] "This Agreement is designed to eliminate most subsequent signature cards and authorizations when opening future accounts." The First Union CAA contained also the following subsection:

RIGHT OF SURVIVORSHIP (ONLY NC OR TN ACCOUNTS):

I understand that by establishing a joint account under the provision of:

North Carolina General Statute 53-146.1 that:

1. First Union may pay the money in the account to, or on the order of, any person named in the account . . . .

2. Upon the death of one joint owner the money remaining in the account will belong to the surviving joint owners . . . .

I DO elect to create the Right of Survivorship for any joint account.

Cowart authorized this section by his signature on the CAA.

---

3. Cowart signed a CAA with First Union 13 July 2000. Wachovia and First Union merged on about 2 September 2001, and Wachovia became the successor of First Union.

On 7 September 2005, both Doris King and Cowart signed the following statement: "Please open a checking account in the name of Doris H. King and Kimzie Cowart in the amount of $100,000." On 8 September 2005, on the authority of the aforementioned statement and authorizations on file, Wachovia created Account 588 in the names of Doris H. King and Kimzie Cowart.

Notwithstanding arguments regarding the source of the funds deposited in Account 588 or statutory prohibitions against gifts under a power of attorney[4], and instead focusing solely on the issue before us, whether Account 588 incorporated a right of survivorship, we acknowledge the clear intent of both Doris King and Cowart's individual CAA forms specifically authorizing, pursuant to N.C. Gen. Stat. § 53-146.1, the incorporation of a right of survivorship to any joint account opened, as well as the subsequent agreement between Doris King and Cowart to enter into a joint checking account. On these facts, we hold that Account 588 incorporated a right of survivorship. Accordingly, the trial court's determinations to the contrary in summary judgment orders entered 31 July 2008 and 2 September 2008 are reversed.

## II

Next, Wachovia argues that plaintiffs' initial complaint, which alleged that Account 588 incorporated a right of survivorship, supported Wachovia's motion for summary judgment on the basis that a right of survivorship was created in connection with Account 588. For the reasons stated in issue *I supra*, we need not address this argument.

## IV

[3] Last, Cowart argues that there exist genuine issues of material fact as to his cross-claim of negligence against Wachovia, and thus, it was error for the trial court to grant summary judgment in favor of Wachovia on that issue.

Wachovia argues that this issue is prematurely presented on appeal. As the cross-claim against Wachovia is derivative of Cowart's liability, Wachovia can only be liable to Cowart if Cowart is deter-

---

4. *Laughter v. Shields*, 2002 N.C. App. LEXIS 2446 (COA01-1302) (N.C. Ct. App. Oct. 15, 2002) (unpublished) (Bryant, J. concurring) ("The defendant may not rely on her position as attorney-in-fact to decedent to withdraw the money [for her personal benefit], as it is clear that she would be in violation of N.C. Gen. Stat. § 32A-14.1(b) (2001).").

mined to be liable to plaintiffs. As this determination has yet to be made, review of the trial court's ruling on Wachovia's derivative liability is more properly presented after the underlying claims against Cowart are resolved. *See Cook v. Export Leaf Tobacco Co.*, 47 N.C. App. 187, 266 S.E.2d 754 (1980) (holding that despite the trial court's Rule 54(b) certification, dismissal of the appeal was appropriate where the partial summary judgment order appealed from ordered a third-party defendant to indemnify a defendant for the plaintiff's claims prior to a determination that the defendant was liable). We agree. Accordingly, this issue is dismissed.  .

REVERSED IN PART; DISMISSED IN PART.

Judges CALABRIA and ELMORE concur.