CATRINA JARRETT, Plaintiff,
v.
ANGELA SAIN, and husband, KEVIN SAIN, Defendants.
No. COA09-965.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Crowe & Davis, P.A., by H. Kent Crowe, for plaintiff-appellant.
Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by Jeffrey T. Mackie, for defendants-appellees.
JACKSON, Judge.
Catrina Jarrett ("plaintiff") appeals the trial court's order, amended on 26 March 2009, granting partial summary judgment to Angela Sain ("defendant") and her husband, Kevin (collectively, "defendants"). For the reasons stated herein, we dismiss the appeal as interlocutory.
Plaintiff, her husband, and their children live on Granfloral Drive in Hickory, North Carolina, as do defendants and their children. According to plaintiff, in the months before she filed her complaint, defendants engaged in "malicious non[-]justified juvenile and bazaar [sic] behavior to grossly disrupt the normal life, peace and stability" of plaintiff. Some examples of such conduct include, but are not limited to, "peering" onto her property and into her home, bragging about their influence with the local sheriff's department, "going into a yelling and screaming tirade" near plaintiff's window, causing sheriff's deputies to go to plaintiff's home on multiple occasions "without any just cause[,]" making "incessant[] . . . repetitive telephone calls to [p]laintiff's home[,]" and calling plaintiff derogatory names.
Plaintiff's allegations of harassment include an allegedly false accusation by defendant that caused plaintiff to be charged with assault. On 11 October 2007, defendant reported to a magistrate that plaintiff had sped her car toward defendant's son as he walked to the school bus. She stopped the car close to the child. Based upon defendant's report, a misdemeanor criminal summons was issued for plaintiff for assault with a deadly weapon. The charges were dismissed on 14 November 2007.
On 10 January 2008, plaintiff filed a complaint against defendants, alleging ten causes of action: (1) intentional infliction of emotional distress, (2) libel, (3) malicious prosecution, (4) false imprisonment, (5) violation of civil rights, (6) abuse of process, (7) nuisance, (8) conspiracy, (9) punitive damages, and (10) injunctive relief. On 29 February 2008, defendants filed their answer, motion to dismiss, and motion for judgment on the pleadings. Plaintiff took a voluntary dismissal as to three of her claims  violation of civil rights, abuse of process, and nuisance. Defendants filed a motion for summary judgment on 8 December 2008, which the trial court granted in part on 23 February 2009. In its order, the trial court granted defendants summary judgment as to the libel, malicious prosecution, false imprisonment, conspiracy, and punitive damages claims. Plaintiff's claims for intentional infliction of emotional distress and injunctive relief were allowed to proceed. The trial court later amended its order to include a certification for immediate appeal pursuant to North Carolina General Statutes, section 1A-1, Rule 54(b) ("Rule 54(b)"). Plaintiff appeals.
Plaintiff argues in her brief that the trial court erred in granting summary judgment as to her claims of (1) malicious prosecution, (2) libel, (3) civil conspiracy, (4) punitive damages, and (5) false imprisonment. However, none of these arguments is ripe for review, because each is interlocutory and none affects a substantial right.
We note initially that when "`an appealing party has no right to appeal, an appellate court should on its own motion dismiss the appeal even though the question of appealability has not been raised by the parties themselves.'" Metcalf v. Palmer, 46 N.C. App. 622, 625, 265 S.E.2d 484, 485 (1980) (quoting State v. School, 299 N.C. 351, 360, 261 S.E.2d 908, 914 (1980)). Accordingly, even though neither party's brief discusses the interlocutory nature of this appeal, we address the issue ex mero motu.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing Johnson v. Roberson, 171 N.C. 194, 88 S.E. 231 (1916)). An interlocutory order, in most circumstances, is not immediately appealable. Goldston v. American Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, our General Statutes except two situations from this general rule: (1) pursuant to Rule 54(b), "if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal" and (2) "`if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.'" Bartlett v. Jacobs, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996) (quoting N.C. Dep't of Transp. v. Page, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)).
Even though the first exception endows the trial court with certain authority, we emphasize that a trial court's certification of an appeal pursuant to Rule 54(b) does not effectively convert an interlocutory order into a final judgment. See, e.g., Cagle v. Teachy, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993) ("[A] trial court cannot by denominating its decision a `final judgment' confer appeal status under Rule 54(b) if its ruling is not indeed such a judgment." (citation omitted)). As we have explained, "the trial court's determination that there is no just reason to delay the appeal, while accorded great deference, cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." First Atl. Mgmt., Corp. v. Dunlea Realty, Co., 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (citations and quotation marks omitted).
The appellant bears the burden of demonstrating that its appeal is properly before us. Johnson v. Lucas, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff'd, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam). When the appeal is based upon an interlocutory order, "the appellant must include in its statement of grounds for appellate review `sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" Id. (quoting N.C. R. App. P. 28(b)(4)). "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). When the appellant does not carry its burden, its appeal will be dismissed. Id.
Here, the trial court's order does not entirely dispose of plaintiff's case. Plaintiff's claims based upon intentional infliction of emotional distress and for injunctive relief have yet to be resolved and will proceed to trial. Therefore, this appeal is interlocutory. However, in its amended order filed 26 March 2009, the trial court issued the following order pursuant to Rule 54(b):
IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED that there is entry of Final Judgment as to [p]laintiffs' Second [libel], Third [malicious prosecution], Fourth [false imprisonment], Eighth [conspiracy] and Ninth [punitive damages] Causes of Action and that there is no just reason for delay in an appeal of the Court's ruling on these counts, adverse to [p]laintiff.
Although we recognize that the trial court's judgment as to these five claims is final, we do not believe that the second prong of Rule 54(b)  that there exists no just reason for delay  has been satisfied here.
In Albert v. Cowart, __ N.C. App. __, 682 S.E.2d 773 (2009), we reviewed a trial court's Rule 54(b) determination that "no just reason for delay" of an otherwise interlocutory appeal was present. There, defendant Cowart, as attorney-in-fact for Doris King ("King"), allegedly opened a bank account with King's money under both King's and Cowart's names and used those funds for personal expenses. Id. at __, 682 S.E.2d at 77576. During the subsequent lawsuit that involved claims of breach of fiduciary duty, unjust enrichment, and constructive fraud and conversion, the trial court allowed a motion for partial summary judgment in which it determined that the bank account at issue was not held with right of survivorship. Id. at __, 682 S.E.2d at 776. It then certified that judgment for immediate appeal pursuant to Rule 54(b). Id. In holding that the trial court's determination of "no just reason for delay" was proper, we explained that the survivorship issue was "central and determinative to the controversy between [the] parties and limited to a question of law[.]" Id. at __, 682 S.E.2d at 777. Therefore, we addressed the issue in the interest of judicial economy. Id.
Similarly, in Kinesis Adver., Inc. v. Hill, 187 N.C. App. 1, 652 S.E.2d 284 (2007), we reviewed a trial court's Rule 54(b) certification and ultimately deemed the certification proper. In that case, Kinesis Advertising filed suit against two of its former employees, making ten business-related claims. Id. at 5, 652 S.E.2d at 289. The former employees asserted numerous defenses and made thirteen counterclaims, which implicated common law and state and federal business issues. Id. at 67, 652 S.E.2d at 290. "Following extensive discovery by all parties," the trial court granted partial summary judgment as to approximately half of the claims and counterclaims before it and certified the judgment for immediate appeal pursuant to Rule 54(b). Id. at 78, 652 S.E.2d at 290. In reviewing the trial court's determination, we held that
given the prolonged procedural history of the case, the number of claims and counterclaims, and the same set of operative facts underlying the entire case, we agree with the trial court's determination that the claims that have been dismissed and those that remain are "factually and legally intertwined" such that proceeding to trial could result in verdicts inconsistent with the earlier dismissals.
Id. at 9, 652 S.E.2d at 291.
In contrast to these cases, the grant of partial summary judgment in the case sub judice does not implicate an issue that is "central and determinative to the controversy[,]" Albert, __ N.C. App. at __, 682 S.E.2d at 777, nor are the dismissed claims and the remaining claims in this case "`factually and legally intertwined' such that proceeding to trial could result in verdicts inconsistent with the earlier dismissals[,]" Kinesis Adver., 187 N.C. App. at 9, 652 S.E.2d at 291. Although some of the facts underlying plaintiff's separate claims overlap, the claims are not complex and are sufficiently distinct so that different outcomes will not necessarily signify inconsistent outcomes.
As plaintiff has relied exclusively upon the trial court's Rule 54(b) certification, she has not articulated any substantial right that may be affected by this Court's determination that the appeal is interlocutory and thus, must be dismissed. Accordingly, plaintiff has not demonstrated that there is "no just reason for delay" nor met her burden of showing that a substantial right is implicated. Therefore, we will not address the merits of this interlocutory appeal.
Dismissed.
Judges CALABRIA and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).